[No. 162.   Decided June 24, 1891.]
WILLIAM MOONEY v. THE STATE OF WASHINGTON.

APPEAL — STATEMENT OF FACTS — NOTICE OF SETTLEMENT —
PRESUMPTION.

Where the record on appeal does not disclose that notice of settlement of the statement of facts included therein was given appellee, nor that there was a waiver thereof, and there is no appearance by appellee in this court, the purported statement will be disregarded. The notice required to be given to the opposite party for the settlement of a statement on appeal is jurisdictional, and there can be no presumption in favor of its having been given, or waived.

*Appeal from Superior Court, King County.*

The facts are fully stated in the opinion.

*T. M. McNamara,* for appellant.

The opinion of the court was delivered by

SCOTT, J.—Defendant was convicted of the crime of burglary, and he appealed to this court. No brief was filed or appearance made here for the state. The questions sought to be raised on the appeal only appear by a purported statement of the facts. The record does not show that any notice was given that a statement would be settled, or that any one appeared at the settlement for the respondent; and there being no appearance in this court by the state, this question, if material, is not waived. It is argued that we must presume, in the absence of any showing to the contrary, that a proper notice thereof was given; that notice of an appeal having been given, a presumption in favor of the regularity of all the subsequent proceedings therein arises. In most matters this would be true, but the notice required to be given to the opposite party for the settlement of a statement should be held to

be jurisdictional so far as the statement is concerned. Appellant, of course, can take advantage of such matters on appeal as are shown by the record without a statement, and of these the respondent would be notified by the appeal notice, but he would have a right to presume that nothing else would be raised unless he had other and further notice thereof as provided for by the act in relation to appeals. A party might not desire to be heard to resist any questions presented by the record, in the absence of a statement of facts or bill of exceptions, and a settlement of either of these is in the nature of an independent proceeding in the prosecution of an appeal where the appellant undertakes to preserve other points raised below that would not appear by the record otherwise, and, it being in a measure an independent, auxiliary proceeding not necessarily an incident of an appeal, the notice therefor is jurisdictional, and there can be no presumption in favor of its having been given. Where the notice is given, or if waived below, the fact should be preserved, and made to appear sufficiently in some form. There was no request to supply the proof, or offer to show that the notice was in fact given in this case. Certainly a judge of the superior court ought not to, and probably would not, proceed to settle a statement where no such notice was given, and where this was not waived. But it is a matter that pertains to the jurisdiction of this court, so far as the statement is involved, and an attempt might have been made to give such a notice which we, possibly, differing from the superior judge, might hold insufficient, and in fact no notice. We should be informed of what was done in this respect, so that we may know whether the respondent has had sufficient notice to put him upon his guard as to the points presented in the statement, where he makes no appearance here; this would be a question for us to finally pass upon.

In accordance with this, there being no question raised,

the judgment should be affirmed; but as it is a criminal case, and the first one wherein there was no appearance for the respondent, and where such a notice as is spoken of under like circumstances was not shown, we will examine the only point presented by the purported statement which is supported by an exception, and that is, that the evidence was not sufficient to sustain the conviction. The testimony shows that a building occupied as a saloon was broken into in the night time and the money draw, containing some fourteen or fifteen dollars in silver, a considerable part thereof being small change, and including two half dollars and three quarters in Canadian money, was robbed. That the defendant was seen by a police officer about two o'clock in the morning coming out of an alley which ran along the back part of the saloon building, which building was about two hundred feet distant from where the defendant was first seen. The entrance had been effected at the rear of the saloon. There was testimony to show that this alley. was not used at night by pedestrians. The officer who saw the defendant did not then know that the crime had been committed, but thinking the circumstances somewhat suspicious he followed the defendant around for a short time and then arrested him, and found upon his person nine dollars in silver, among which was an amount and denomination of Canadian money, and a considerable amount of small change, similar to that contained in the money draw. The officer then went through the alley and saw that the building aforesaid had been broken into, and various evidences that the money draw had been robbed. At the trial the defendant undertook to account for his possession of the money, and testified that he obtained the Canadian money some time previously while in Victoria, and that the small change was the proceeds of sales made in a cigar store where he was employed the day preceding the night of his arrest. That one Frank McKegny was the proprietor thereof; that he had no regular employment

or salary there; that the proprietor would go away fre-
quently and call him to take charge of the place; some-
times he was there a half day and sometimes a whole day;
that he had been working there two weeks when he was
arrested; that there was no agreement made with reference
to his pay; that the proprietor had told him to take what-
ever he felt like taking; that he had known for several
days that he was to be tried that day; that he had no one
in court to corroborate him in the matters he had testified
to, but that he could get some one to do so.    Witness did
not claim that he had made any attempt to procure such
witness, and no request or effort was made then to get such
testimony.    That the testimony of the witness as to his
employment and pay in accounting for his possession of the
principal part of the money found upon him was true is
improbable, and his not having made any attempt to pro-
cure McKegny or any one to corroborate him, he having
testified that he could get such a witness, and that he had
known for several days when he was to be tried, was a
very strange course to pursue upon his part if his story was
true.    No reason or excuse therefor was shown or offered.
Without giving his testimony in full, it is sufficient to say
that no very satisfactory explanation or reason was given
for his having been in this alley at such an unseasonable
hour.    There were a number of circumstances pointing to
the guilt of the prisoner, and the testimony is sufficient to
support the verdict here.    Counsel relied much in his argu-
ment upon the difference in amount between the sum stolen
and the sum found upon the person of the defendant, but
this might be accounted for in various ways, and was no
very strong point in his favor.    Very likely the crime was
committed by two persons, each taking a portion of the
money.

The judgment is affirmed.

ANDERS, C. J., and DUNBAR, STILES, and HOYT, JJ.,
concur.

the judgment should be affirmed; but as it is a criminal case, and the first one wherein there was no appearance for the respondent, and where such a notice as is spoken of under like circumstances was not shown, we will examine the only point presented by the purported statement which is supported by an exception, and that is, that the evidence was not sufficient to sustain the conviction. The testimony shows that a building occupied as a saloon was broken into in the night time and the money draw, containing some fourteen or fifteen dollars in silver, a considerable part thereof being small change, and including two half dollars and three quarters in Canadian money, was robbed. That the defendant was seen by a police officer about two o'clock in the morning coming out of an alley which ran along the back part of the saloon building, which building was about two hundred feet distant from where the defendant was first seen. The entrance had been effected at the rear of the saloon. There was testimony to show that this alley. was not used at night by pedestrians. The officer who saw the defendant did not then know that the crime had been committed, but thinking the circumstances somewhat suspicious he followed the defendant around for a short time and then arrested him, and found upon his person nine dollars in silver, among which was an amount and denomination of Canadian money, and a considerable amount of small change, similar to that contained in the money draw. The officer then went through the alley and saw that the building aforesaid had been broken into, and various evidences that the money draw had been robbed. At the trial the defendant undertook to account for his possession of the money, and testified that he obtained the Canadian money some time previously while in Victoria, and that the small change was the proceeds of sales made in a cigar store where he was employed the day preceding the night of his arrest. That one Frank McKegny was the proprietor thereof; that he had no regular employment

or salary there; that the proprietor would go away fre-
quently and call him to take charge of the place; some-
times he was there a half day and sometimes a whole day;
that he had been working there two weeks when he was
arrested; that there was no agreement made with reference
to his pay; that the proprietor had told him to take what-
ever he felt like taking; that he had known for several
days that he was to be tried that day; that he had no one
in court to corroborate him in the matters he had testified
to, but that he could get some one to do so.    Witness did
not claim that he had made any attempt to procure such
witness, and no request or effort was made then to get such
testimony.    That the testimony of the witness as to his
employment and pay in accounting for his possession of the
principal part of the money found upon him was true is
improbable, and his not having made any attempt to pro-
cure McKegny or any one to corroborate him, he having
testified that he could get such a witness, and that he had
known for several days when he was to be tried, was a
very strange course to pursue upon his part if his story was
true.    No reason or excuse therefor was shown or offered.
Without giving his testimony in full, it is sufficient to say
that no very satisfactory explanation or reason was given
for his having been in this alley at such an unseasonable
hour.    There were a number of circumstances pointing to
the guilt of the prisoner, and the testimony is sufficient to
support the verdict here.    Counsel relied much in his argu-
ment upon the difference in amount between the sum stolen
and the sum found upon the person of the defendant, but
this might be accounted for in various ways, and was no
very strong point in his favor.    Very likely the crime was
committed by two persons, each taking a portion of the
money.

The judgment is affirmed.

ANDERS, C. J., and DUNBAR, STILES, and HOYT, JJ.,
concur.