## L. GILLETT AND S. L. GILLETT

v.

## THE INSURANCE COMPANY OF NORTH AMERICA FOR USE, ETC.

*Fire Insurance—Payment of Premium by Agents—Action by Company Against Insured for use of Agents—Subrogation—Interest of Nominal Plaintiffs—Consent of to Suit—Practice.*

1. Where the agents of an insurance company issued a policy of insurance, which was accepted by the insured, but on which the insured failed to pay the premium when due, and the agents, under their contract with the company, paid the premium, in an action brought in the name of the company for the use of the agents against the insured to recover the amount of the premium, it is *held:* That the agents were subrogated to the rights of the company as to the claim under the policy and that no assignment was necessary to enable them to recover the premium advanced by them.

2. A party defendant can not defend a suit by showing a want of interest in the nominal plaintiff.

[Opinion filed August 3, 1891.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. WILLIAM GEORGE and SAMUEL ALSCHULER, for appellants.

Messrs. HOPKINS, ALDRICH & THATCHER, for appellee.

LACEY, P. J.    This suit was brought by the appellee for the usees, named Henry L. and James McWethey, against the appellants to recover the premium of $75 on an insurance policy of $5,000, dated January 9, 1890, issued by appellee to appellants, covering a risk on their farm and property at one and one-half per cent premium for five years from that date. There is no question raised here as there was in the court below as to the acceptance of the policy of the insurance issued and sent to appellants by the appellee's agent, that point now being conceded.    The appellants retained the policy in their possession for about three months after it was issued and sent to them, and after it went into effect, before attempting any cancellation of it.    The premium was due on the first day of February following its date, but appellants failed to pay it.    The usees of appellee in this case, the McWethey brothers, were the local agents of the appellee, and as such, and in the name of it, issued the policy in question, which provides that the insured shall pay the premium of $75 due thereon, to the company; that McWethey brothers, under their agreement with the company, make monthly settlements with it for the insurance premiums written by them, and that if the policy is not properly canceled they are held responsible for such premiums, and in case the company does not collect the premium the said usees are obliged to settle the premium with the company; that prior to the commencement of this suit, in pursuance of such agreement with the appellee, the appellants having failed to pay the premium, the said usees paid it to appellee themselves, and this suit is now brought in the name of appellee for their use, to collect the said premium so advanced from the appellants.    The appellants never gave the McWethey brothers any authority to pay this premium on their accounts.

The appellants insist that the evidence does not warrant a recovery by the appellee, and that even if it is entitled to a judgment it should not exceed $15.    Appellants' counsel insist that the contract is between the appellants and appellee, and in case of the failure of the former to pay, the right of action is in the latter; that the cause of action is not

negotiable and that the claim is not assigned to the usees of appellee; that it is essential to recovery that the claim should be assigned in order to vest in the assignees the equitable title to the claim and that there is no assignment in the case; that there is no proof that the appellee ever vested the usees with the power to use its name in a suit and that appellants can not be made the appellee's usees' debtors without their consent; that the appellee has been paid and its right of action is gone.  The answer to all these suggestions is that as to appellants, they have never paid the appellee anything, and no one has paid anything to it for them or at their request, and hence they have never in any way paid the debt or extinguished it as against them; and the McWethey brothers certainly never intended to extinguish it and make a present of it to appellants; they simply paid or advanced the amount to the appellee as their agents under their agreement with it as a kind of guarantors of the prompt payment of all premiums and therefore ought, in equity, to be subrogated to the rights of the appellee in the claim under the policy.  Equity would require that the latter should hold the policy for the usees' protection and the law will presume that it did.  The payment of the premium under the agreement by the agents of appellee, would be the only assignment the law would require to give the agents the right to sue on the policy in the name of appellee for their own use.  And this is a matter in which the appellants have no concern.  They owe the premium on the policy and it matters not to them that the money when collected goes to the usees instead of the appellee.  If appellee does not complain of the manner of bringing the suit, it seems to us that appellants should not be heard to interpose objections.  It is and should be a rule of law that a party defendant can not defend a suit by showing a want of interest in the nominal plaintiff.  Alsook v. Cain, 10 Johnson, 400.  The appellants make the other point that the recovery should only have been for $15, the amount at short rates which had accrued on the insurance up to the time they claim to have canceled the policy according to its terms.  The trouble with this defense is that appellants did

not take the requisite steps to procure a legal cancellation of the policy under its terms. The policy contains this provision : "Assured may also cancel this policy and surrender the same after the premium or premium note has been paid and the company shall retain short notes and all the expenses incurred in taking the risk." It will be seen that the premium has never been paid. In fact, this suit is brought to recover it. Under these circumstances no cancellation has ever taken place. There being no other errors assigned and failing to discover any in the points made, the judgment is affirmed.

*Judgment affirmed.*