[No. 942. Decided December 21, 1893.]

JAMES WARD, *Respondent*, v. CHARLES TUCKER, *Appellant*.

APPEAL — RECORD — NOTICE OF SETTLEMENT — MARINE INSURANCE — ACTION BY BROKER FOR PREMIUM — CONTRACTS OF FOREIGN COMPANIES — CANCELLATION — EVIDENCE.

Where respondent does not appear at the settlement of a statement of facts, and there is no copy of the notice of settlement in the record, the statement will be stricken on motion.

A marine insurance broker may sue for the recovery of the insurance premium, without showing that it has actually been paid by him, as it is the custom in marine insurance business for the broker to be his own principal.

Contracts made outside the state with foreign insurance companies are not covered by the law governing insurance companies doing business within the state.

Where it is made a part of a contract of marine insurance that the rules as to short rates should apply, the insurance is terminated by a request of the assured for cancellation.

Where policies of insurance have been received by the assured and he has promised to pay for them, the burden is upon him, in an action to recover premium, to show that the policies have not been regularly executed.

Where insurance premiums are payable in English money and it is necessary to give their equivalent in money of the United States, it is not error to allow a witness to testify as to the result of calculations made by him reducing the amount from one standard to another.

*Appeal from Superior Court, Pierce County.*

*O'Brien & Robertson*, for appellant.

*Calkins & Shackleford*, for respondent.

The opinion of the court was delivered by

STILES, J. — The respondent did not appear at the settlement of the statement of facts, and there is no copy of the notice in the record. The judge who tried the cause

certifies that the defendant had given due notice to the opposite party and his attorneys that the statement had been prepared, and filed, and that it would be settled upon a certain day, April 7, 1893. Upon this respondent moves to strike the statement, and the motion must be granted. The settlement of a statement of facts is the process by which this court acquires jurisdiction of the respondent for the purpose of inquiring into matters which, otherwise, would not be a part of the record. If the respondent appears and makes no objection, he waives notice, and the jurisdiction is complete, but if he remains away he has a right to say that the finding of the judge that he was duly served is not sufficient. We held substantially this in *Mooney v. State*, 2 Wash. 487 (28 Pac. Rep. 363), where the respondent made no appearance in this court.

In the case at bar appellant had ample notice of respondent's position by his brief, and time to supply the record if notice was in fact given.

There being no assignment of error outside of the statement, the judgment is affirmed.

All concur.

ON RE-HEARING.

STILES, J.—It appears that the record showing service upon the respondent of the notice of the settlement of the statement of facts had been supplied before this case was heard, but as it was not bound with the rest of the transcript and the case was submitted on briefs, it escaped observation. The order to strike is, therefore, revoked, and the case will be decided upon its merits.

The respondent brought suit as broker to recover $583.14, as premium on certain marine insurance policies procured by him for the appellant as lessee of the schooner Alice Blanchard, and for $35 expended at appellant's request in telegraphing in connection with the procurement of the policies. A multitude of errors have been assigned

in the brief, but they seem to be reducible to a few classes, and we shall treat them in that manner.

So far as the facts established go, they seem to us to sustain the allegations of the complaint. The appellant, being lessee of the schooner, which was then at sea, applied to the respondent, who was a broker, to procure for him insurance to a given amount at the best rates obtainable. By means of the telegraph he obtained policies in London and St. Paul, which were made in the usual manner of making such instruments, payable "to whom it may concern." The total premium was $2,500, and the short, or surrender, rate was specified. The policies were delivered by the respondent to the appellant, and were by him accepted; but within a short time, learning that the vessel had arrived safely in port, he desired that they be canceled, and requested the respondent to that effect. They were canceled, and it is the short rate and the cost of telegrams that are sued for.

The first point made is, that the respondent did not show that he had actually paid the premium. The general rule as to agents of course is, that one who merely acts for another in the making of a contract cannot himself sue for the money due his principal; but the rule is different with regard to brokers in cases of marine insurance, as was made to appear by the evidence in the case, which clearly showed that it was the custom for the broker to be his own principal. In effect he buys the insurance from the insurer and delivers the policies upon his own account. The existence of this custom obviates the necessity of passing upon many technical points made against the policies and their sufficiency as insurance of the interest of the appellant in the vessel. Marine insurance policies in this respect differ very materially from policies covering either fire or life risks. *Hooper v. Robinson*, 98 U. S. 528; 14 Am. & Eng. Ency. of Law, 324; Arnould's Marine Ins., §§ 30, 69.

26—7 WASH.

The next objection is, that there could be no recovery for any premium due on these policies because the insurers were not authorized to do business in this state. But the contracts were made in England and in St. Paul, and therefore they are not covered by the local law governing insurance companies doing business within the state.

The policies were canceled because it was a part of the contract that the rules as to short rates should apply, which left it optional with the insured to surrender upon payment of the short rate whenever he saw fit. He expressed his desire that there be a cancellation, and that was sufficient to terminate the insurance.

The errors alleged as to the admission of the policies were not well taken. The policies were received by the appellant and he promised to pay for them; and the burden was upon him to show that they were not what they purported to be, viz., actual policies covering his interest.

The jury seems to have excluded from their verdict the item covering telegrams, and appellant is hardly in a position to urge any error in connection therewith. But the record shows no error. The telegrams were sent at the request of the appellant, and he promised to pay their cost as well as the cost of the answers. It was wholly unnecessary for the respondent to follow the dispatches and prove that they had been received by the parties to whom they were sent.

The premiums which were payable in English money had to be reduced to their equivalent in money of the United States, in some way, and we know no better way than that which was adopted, viz., to allow a witness to testify as to the result of the calculations made by him. *Kermott v. Ayer*, 11 Mich. 181; *Comstock v. Smith*, 20 Mich. 338.

The charge of the court, although much criticised, is, we

think, open to the single objection that it was far more full and specific than the facts of the case required.

Finding no error, the decision will be affirmed.

DUNBAR, C. J., and SCOTT, HOYT and ANDERS, JJ., concur.