59827. SPALDING INSURANCE & REALTY COMPANY, INC.
v. MORRIS et al.

QUILLIAN, Presiding Judge.

The plaintiff appeals from the grant of defendant's motion for summary judgment predicated on the statute of limitations. The plaintiff originally sought recovery on an account. The complaint was subsequently amended to allege that the "account represents

premiums for written contract of insurance" followed by a listing of such amounts.

The action was brought on June 13, 1979. The basic issue presented to the trial judge was whether Code § 3-705 or 3-706 was controlling. Code § 3-705 provides: "All actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same shall have become due and payable." Code § 3-706 provides: "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action shall have accrued."

The trial judge found that Code § 3-706 (4-year Statute of Limitations) prevailed and stated in his order: "The plaintiff contends that the complaint is brought for premiums due for written insurance contracts and that the six year statute of limitations should apply, however, there are *no* written contracts either with the defendant or any insurance company attached to the pleadings which would substantiate such a contention, nor is there any transfer or assignment of any right of action by any insurance company to recover any amounts due on a contract in writing. From all that appears to the Court, the claim of the plaintiff is one governed by Code Section 3-706 and all amounts claimed to be due prior to June 13, 1975 are barred by the Statute of Limitations and summary judgment is hereby granted to the defendant on such amounts claimed." Since the greater portion of the sum sought by the plaintiff was prior to June 13, 1975, this eliminated most, but not all, of the amount prayed for in the complaint. *Held:*

1. An insurance agent has the right to sue in his own name for an unpaid premium where on behalf of the insured he has paid the premium to the insurer or although he has not paid the premium he has become personally liable for its payment. See the extensive discussion in Anno. 90 ALR2d 1291; *Henry Darling, Inc. v. Harvey-Given Co.,* 40 Ga. App. 771, 778 (3) (151 SE 518); *Stevens v. Hunt,* 61 Ga. App. 265 (2) (6 SE2d 591); *Clay v. Howington,* 74 Ga. App. 794, 798 (1) (41 SE2d 571); *Sturdivant v. Chapman,* 146 Ga. App. 26 (245 SE2d 311).

2. A determination as to whether the bulk of the plaintiff's claim was barred by the statute of limitations hinges on whether the plaintiff's suit is on account or a contract action. The trial court determined from the record that the suit was on account and gave summary judgment to the defendant based on the fact that there were no contracts shown and there were no assignments of any such contracts.

The answers plaintiff filed to defendant's interrogatories clearly establish that the contracts (policies) were between the defendant and insurance companies and that plaintiff paid the premiums, thereby extending credit to defendant.

The instant situation is analagous to *Henry Darling, Inc. v. Harvey-Given Co.,* 40 Ga. App. 771, supra, where the action was held to be a suit on account. Here from a review of the record including the plaintiff's answers to interrogatories we find that the trial court did not err in finding that the suit was on account and the 4-year statute of limitations of Code § 3-706 was applicable.

3. The ruling in Division 2 moots plaintiff's enumeration of error regarding the denial of its motion for summary judgment.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED MAY 12, 1980 — DECIDED JUNE 13, 1980.

*Howard P. Wallace,* for appellant.
*Richard L. Collier,* for appellees.