72849. R. L. MATHIS CERTIFIED DAIRY COMPANY
v. ALEXANDER & ALEXANDER, INC.
(349 SE2d 270)

McMURRAY, Presiding Judge.

This appeal arises from a suit on account filed by Alexander and Alexander, Inc. ("A & A") against R. L. Mathis Certified Dairy Company ("Mathis").

Acting as an insurance broker, A & A procured for Mathis various insurance coverages from the Wausau Insurance Companies ("Wausau"), which included workers' compensation, general liability and commercial vehicle insurance. With Mathis' knowledge and consent, A & A used its funds to pay premiums to Wausau due under the insurance contracts. A & A billed Mathis for the paid premiums and Mathis reimbursed A & A on a monthly basis during 1983, 1984 and part of 1985. However, from April 1985 through September 1985, Mathis failed to reimburse A & A for premiums paid to Wausau under the insurance contracts. As a result, A & A sued Mathis for recovery of the insurance premiums. In its answer, Mathis admitted owing A & A "a sum of money" but stated that it was "uncertain as to the amount of money advanced by [A & A] on its behalf. . . ." At a bench trial, A & A presented evidence showing that it paid $48,326 to Wausau for insurance covering Mathis through September 1985; and, that Mathis has not paid any amount of the $48,326. Mathis presented evidence showing that Wausau had increased its insurance premiums for the commercial vehicle coverage during the term of the insurance contract. A & A showed that Mathis had notice of the increased premium before it was effected, and, after consultation with Mathis concerning alternative insurance coverage with other companies, Mathis did not direct A & A to discontinue the commercial vehicle coverage with Wausau. Instead, Mathis allowed the commercial

vehicle insurance coverage to remain in force and accepted the benefit of the coverage through September 1985. From this evidence, the trial court entered judgment in favor of A & A in the "principal amount of $48,326.00, together with interest on said sum in the amount of $981.00, with costs cast against [Mathis]." The principal amount of the judgment included the increased insurance premiums imposed by Wausau for the commercial vehicle insurance. Mathis now appeals. *Held*:

Mathis contends that the damages awarded by the trial judge were excessive because they reflected an unauthorized increase in the premium which was imposed by Wausau for the commercial vehicle insurance coverage. Mathis argues that A & A did not have authority to pay Wausau the higher premium because the increase was not authorized in the insurance contract. This argument is without merit. The controlling issue in this appeal does not concern the construction of the insurance contract entered into between Wausau and Mathis, it is whether there was sufficient evidence showing that A & A had authority to pay the higher insurance premium to Wausau.

Although there is no evidence in the record showing that Mathis gave express authority to A & A to pay the additional amounts to Wausau for the commercial vehicle insurance, the evidence showing that Mathis accepted the benefit of the commercial vehicle insurance without directing A & A to discontinue the coverage was sufficient to authorize a finding that Mathis, through acquiesence, conferred authority upon A & A to pay Wausau the additional amounts charged for the insurance coverage. See *Spalding Ins. & Realty Co. v. Morris*, 154 Ga. App. 869, 870 (1) (270 SE2d 78); *Stevens v. Hunt*, 61 Ga. App. 265 (6 SE2d 591). Consequently, since the undisputed evidence showed that A & A paid $48,326 for the insurance coverages the trial court properly entered judgment in favor of A & A in this amount.

*Judgment affirmed. Sognier and Pope, JJ., concur. Carley, J., disqualified.*

DECIDED SEPTEMBER 23, 1986.

*Sidney L. Moore, Jr.*, for appellant.
*William L. Ballard*, for appellee.