## BISHOP HOLMES v. THOMASON BROS.

Decided February 27, 1901.

**1.—Principal and Agent—Insurance Broker's Right to Recover for Premiums Paid.**

Where an insurance broker was applied to by a firm to procure for them a policy upon their property, and he undertook to and did procure it, and in pursuance of the employment paid the premium and policy fee due thereon, he is entitled to recover from the firm the amounts so paid, if they are reasonable.

**2.—Same—Delivery of Policy.**

The delivery of the policy to the broker, if he was the agent or broker of the firm to procure it, would be a delivery to the firm.

Appeal from the County Court of Hunt. Tried below before Hon. R. D. Thompson.

*H. Carpenter,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellant in the Justice Court against the appellees to recover $99, the premium on an insurance policy, alleged to have been paid by appellant for appellees on a fire insurance policy on their property, procured by the appellant for the appellees upon their written application therefor to appellant as their broker and agent. On appeal to the County Court, the appellant amended his pleadings by adding an item of $5 alleged paid by him as a policy fee in procuring the alleged insurance. The trial of the case then resulted in a verdict and judgment in favor of the defendants, from which this appeal is prosecuted.

There are a number of assignments complaining of the rulings of the court upon exceptions taken by appellant to appellee's pleadings which can not be considered, because it does not appear from the record that such exceptions were presented to and ruled upon by the court.

The other assignments are directed to the charge of the court, and to its action in refusing certain special charges requested by appellant's counsel, and to the sufficiency of the evidence to support the verdict.

It is useless to consider these assignments separately. It is sufficient to say that the court's charge submitted to the jury and required their findings in favor of appellant upon several irrelevant and impertinent issues before they could return a verdict in his favor. The special charges asked by appellant's counsel and refused by the court, while unnecessarily prolix, seek to strip the case of the impertinent issues presented in the main charge, and to have the substantial and essential issues, with the law arising from them, submitted to the jury.

If the appellees, in the manner and form alleged by appellant, applied to him as an insurance broker to procure an insurance policy upon their property, and that he, as their agent and broker, agreed with them and undertook to procure such policy as they applied for; and if in pursuance of such employment and agreement, he procured for them

such policy of insurance; and in its procurement paid the company issuing the same $99 as the premium therefor, and the further sum of $5 as a policy fee, and if said sums paid as the premium and policy fee were reasonable, then he is entitled to recover from appellees the money sued for.

If, on the other hand, the appellees never applied to appellant to procure an insurance policy upon their property; or if they did make such application, he never agreed with them to undertake to procure it, then, in either event, he is not entitled to recover, even though the evidence should show that he procured a policy of insurance on their property and paid the premium and policy fee therefor.

The delivery of the policy to appellant, if he was appellee's broker or agent to procure it, would be a delivery to them.

The issues of fact, and the law upon them, are as above stated. They should, in the manner indicated, have been submitted to the jury, and the jury not have been required to pass upon matters foreign to the issues in the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*