## MICHAEL GOLDWASSER, Respondent, v. JENNIE BOONSHAFT, Appellant.

St. Louis Court of Appeals. Opinion Filed February 7, 1922.

1. **INSURANCE: Premium Paid by Agent: Subrogation: Agent Can Recover from Insured.** In an action by an insurance agent to recover the amount of an insurance premium alleged to be due him from defendant, where it appears that the insurance company looks to such agent for the premiums on insurance written by him, charges his account therewith, and he pays the same, the agent becomes the owner of the debt arising by the extending of credit for such premiums, and on his payment thereof he becomes subrogated to the rights of his principal in the premises, entitling him to sue for such premiums, and under such circumstances, no formal assignment of the premium is necessary to enable the agent to recover therefor.

2. ————: **Verdicts: Oral Evidence: Not Admitted to be True: Directed Verdict Reversible Error.** Where plaintiff's right to recover a premium on an insurance policy issued to defendant depended upon oral testimony adduced by him, tending to show that he became subrogated to the right of the insurance company to the premium, which was not admitted by the defendant to be true, the case must be submitted to the jury, who alone are the judges of the credibility of the witnesses and the weight to be given to their testimony; hence the trial court committed reversible error in peremptorily directing a verdict for the plaintiff.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Moses Hartman,* Judge.

REVERSED AND REMANDED.

*Carl M. Dubinsky,* and *Edward E. Butler* for appellant.

*John P. Collins,* of counsel.

(1) Where it does not appear either from the pleadings or evidence that the agent stands in the position of assignee or successor to the insurance company, or stands subrogated to it, an agent cannot recover from the insured for any premiums advanced by him. Chapin v. Betts, 7 Ohio Dec. 422; Lounsbury v. Duckrow, 50 N. Y. Sup. 927; Willey v. Casualty Co., 77 Fed. 961; Willey v. Casualty Co., 80 Fed. 497; De Groat v. Clark, 64 N. Y. Sup. 282; Hewit v. Ins. Co., 83 N. Y. Sup. 282. Before an agent can recover premiums advanced, he must show that at the time he advanced premiums he was authorized to do so by insured. Lord v. Downs, 92 Atl. 327; Orear Lyke v. Insurance Co., 187 S. W. 265. (2) Where there has been no meeting of minds of parties as to the subject-matter of the contract of insurance, the insured can recover premiums paid, because they were made without consideration. Insurance Co. v. Wallace, 156 S. W. 140; Insurance Co. v. Nix, 76 N. E. 1058; Insurance Co. v. Summers, 120 Pac. 185. (3) Where a party without right performs an act or renders a service to another, he is a mere volunteer and cannot recover for his services.

*Montague Punch* for respondent.

(1) Where the facts are conceded, it is the court's duty to apply the law to the undisputed facts. The jury has no function to perform, except to obey the direction of the court as to the legal effect of the uncontroverted

facts. May v. Crawford, 150 Mo. 527; Spiva v. Osage Co., 88 Mo. 75. (2) It is the duty of an insured, when he receives a policy, to promptly examine the same, and if it does not contain the stipulations agreed upon, to at once notify the company of such fact, and of his refusal to accept the policy. Where he does not do so, but delays, he will be deemed to have accepted the policy as issued. American Insurance Co. v. Neiberger, 74 Mo. 173; Lyke v. Insurance Co., 187 S. W. 265. (3) Where an insurance company looks to the agent for the premiums on insurance written by him, the agent is the owner of the debt, arising by his extending credit for the premiums, so that on payment thereof he is subrogated to all the rights of his principal in the premiums, entitling the agent to sue therefor. Harrison v. Birrell, 58 Ore. 410; Holmes v. Thomason, 25 Tex. Civ. App. 389; Miller v. Casualty Co., 80 Fed. 497; Lord v. Downs, 92 Atl. 327. Where the insured has agreed to pay the agent the premium on a policy of insurance upon the agent procuring such policy for the assured, the agent may maintain an action in his own name to recover from the assured the amount of the premium. This is elementary law. Taylor v. Lowell, 3 Mass. 331; 2 Joyce on Law of Insurance, p., 1583; Lord v. Downs, 92 Atl. 327.

ALLEN, P. J.—This is an action by an insurance agent to recover the amount of an insurance premium alleged to be due plaintiff from the defendant. On December 21, 1916, plaintiff, being an agent of the Kansas City Life Insurance Company, with offices in the city of St. Louis, had a conversation with the defendant, a married woman, in regard to obtaining an application for a policy of life insurance in plaintiff's company. This conversation took place at the place of business of defendant and her husband on South Broadway in the city of St. Louis. According to plaintiff's testimony, defendant decided that she wanted a policy on her life, and signed an application for a policy, naming her son, a young boy, as beneficiary; and plaintiff caused the

policy to be issued and delivered to defendant who promised to send her check for the premium. Thereafter, about December 30, 1916, defendant returned the policy to plaintiff saying that a mistake had been made as to her age, and thereupon the policy was sent to the home office of the company in Kansas City to have the correction made. The evidence shows that the policy was redelivered to defendant on the sixth day of February, 1917, having been corrected as aforesaid, and plaintiff testified that defendant and her husband then promised to send him a check for the premium on the first of the following month. Defendant did not in fact pay the premium, but on or about April 11, 1916, returned the policy to the office of the company in·the City of St. Louis, by mailing the same.

Plaintiff's testimony, and that of his witnesses, is to the effect that according to the custom which prevailed in the office of said insurance company, plaintiff, as agent of the company, was, on the tenth of each month, charged with the net premiums due the company, less plaintiff's commission, upon all business written or procured by plaintiff as such agent during the previous month. And the testimony in this connection is that on the 10th of March, 1917, the net premium due the company on this policy was thus charged to plaintiff's account, and that he actually paid the same.

The defense set up below was that the defendant· did not ask plaintiff for a policy on her own life, with her son as beneficiary, but for a policy upon the life of her son in her favor; and that when the policy in question was issued she did not understand that it was written on her own life. In this connection it may be noted that the evidence shows that prior to the final return of the policy by plaintiff to the company, her son died.

The cause was tried before the court and a jury, and at the close of plaintiff's case, and again at the close of all the evidence in the case, defendant requested an instruction in the nature of a demurrer to the evidence, which was refused. At the close of the entire case

defendant offered another instruction which was likewise refused. Plaintiff offered an instruction purporting to cover the case and directing a verdict, which the court refused. Plaintiff did not offer a peremptory instruction, but the court, of its own motion, peremptorily directed a verdict for plaintiff. A verdict was returned accordingly, and from a judgment entered thereon the defendant has appealed.

The point is made by defendant, appellant here, that the premium, if owing by defendant at all, is owing to the insurance company; and that plaintiff has no right of action, in his own name, to recover such premium and is not the real party in interest. And it is consequently urged that the court below erred in overruling defendant's demurrer to the evidence.

This contention, we think, is without merit. While, in such case, the premium is primarily due from the insured to the insurer, obviously the agent who procured the insurance has a right of action for the premium where the claim against the insured for such premium has been assigned to him. Likewise, where an insurance company looks to its agent for the premiums on insurance written by him, charges his account therewith, and he pays the same, the agent becomes the owner of the debt arising by the extending of credit for such premiums, and on his payment thereof he becomes subrogated to the rights of his principal in the premises, entitling him to sue for such premiums. [See: Harrison v. Birrell, 58 Or. 410, l. c. 418, and cases cited; Holmes v. Thomason Bros., 25 Tex. Civ. App. 389, 61 S. W. 504; Gillett v. Insurance Co., 39 Ill. App. 284.] Under such circumstances no formal assignment of the premium is necessary to enable the agent to recover therefor. [Gillett v. Insurance Company, supra.] The rule is otherwise, however, if the agent has acquired no right, by assignment or subrogation, to bring an action for the premiums in his own name. [Holmes v. Birrell, supra.]

We are consequently of the opinion that plaintiff's evidence clearly made out a prima-facie case.

However, we are forced to hold that the trial court committed reversible error in peremptorily directing a verdict for the plaintiff. Plaintiff's case necessarily depends upon oral testimony adduced by him, not admitted by the defendant to be true. Indeed, the evidence tending to show that plaintiff became subrogated to the right of the insurance company to the premium consists almost entirely of oral testimony of plaintiff and his witnesses, and since this testimony is not admitted to be true the case must necessarily be submitted to the jury, who alone are the judges of the credibility of the witnesses and the weight to be given to their testimony. [Staehlin v. Major, 199 S. W. 427, and cases there cited.]

It follows that the judgment below must be reversed and the cause remanded. It is so ordered. *Becker* and *Daues, JJ.,* concur.