## AUTOMOBILE INSURANCE CO., OF HARTFORD, CONN., v. BUIE. (No. 6922.)

(Court of Civil Appeals of Texas. San Antonio. April 11, 1923. Rehearing Denied May 16, 1923.)

1. **Insurance ⬅═378(2) — Insurance broker held agent of insured.**

Where the policy is issued at the instance of, and is delivered to the insured through an intermediary agent or broker, who collects the premium and shares in the commission paid thereon by the insurer, the intermediary agent or broker is deemed the agent of the insured in procuring the policy, and the insurer is not bound by his acts, nor is knowledge acquired by him in the transaction imputed to the insurer.

2. **Insurance ⬅═143(4)—Policy may be reformed for mistake.**

If it is shown by clear and convincing proof that in applying to the agent for the insurance the insured specifically describes the property desired to be covered, and the policy issued in pursuance of this application misdescribes the property and includes material not intended by the insured to be covered, the result amounts to a mutual mistake of the parties, and if, through no negligence of the insured, the mistake is not noticed by him, and the property is destroyed, the contract, if void in the form written, will be reformed so as to embrace the real intention, and if valid as so reformed will be enforced.

3. **Insurance ⬅═666—Full recovery where part of property not destroyed, is error.**

Full recovery in a fire policy, where part of the insured property is not destroyed, is unauthorized, Rev. St. art. 4874, as to total loss, being inapplicable.

4. **Witnesses ⬅═336—Proof of prior conviction inadmissible to impeach.**

In action on fire policy, it was proper to exclude evidence, to impeach insured as a witness, that insured had been convicted and served a term in the penitentiary for counterfeiting.

5. **Insurance ⬅═378(1)—Knowledge gained by agent after termination of agency does not bind insurer.**

Where agency of one for insurance company had terminated before he knew of insured's taking out additional insurance, such knowledge was not imputable to the company.

6. **Insurance ⬅═336(1)—Statutes relative to representations not applicable to breach of condition as to taking out additional insurance.**

The contention that breach of condition of fire policy against taking out additional insur-

ance must be shown to have contributed to bring about the destruction of the property, to constitute a good defense, cannot be sustained, Rev. St. arts. 4947, 4948, being inapplicable.

**7. Insurance ☞598—Interest computed from sixtieth day after loss.**

Where date of proof of loss and notice is not shown, it will be assumed that notice was given and proof made on date of fire, so that interest is to be computed from the sixtieth day after loss occurred, under policy provision that loss is payable 60 days after notice and proof of loss furnished the company.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by James A. Buie against Automobile Insurance Company, of Hartford, Conn. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Slay, Simon & Smith, Walter L. Morris, and McCart, Curtis & McCart, all of Fort Worth, for appellee.

SMITH, J. Appellee, Buie, placed materials on leased premises in Tarrant county, preparatory to drilling an oil well thereon. Desiring to insure these materials, or some of them, against loss by fire, he called upon one Rutledge, an insurance agent, through whom it had been his custom to procure insurance, and requested him to issue policies to cover those materials. Rutledge advised Buie that none of the companies represented by him would issue such policy, but that he could get the desired insurance through other agents, to which Buie assented. In pursuance of this understanding Rutledge requested the local agent of appellant company at Fort Worth to procure and issue the policy, and appellant's agent in response to this request issued the policy for $4,000 and delivered it to Rutledge, who in turn delivered it to Buie, from whom he collected the premium. In accordance with an arrangement with appellant's agent, apparently common among insurance agents in such cases, Rutledge retained half of the commission on this premium as compensation for procuring the risk and paid the balance over to appellant's agent, who acquiesced in the division of the commission and paid the net premium to appellant, his principal, who retained it.

It appears that the policy issued was made to cover all materials and machinery ordinarily used in the drilling of an oil well, and all that Buie then had on the ground, or subsequently placed thereon. Later on Rutledge, at Buie's request, procured from one of his own companies an additional policy, for $6,500, covering some of the materials or machinery insured in the first policy, which thereby became doubly insured. The latter policy, being the one sued on here, embraced a stipulation that the whole policy should be rendered void in the event the insured should thereafter procure additional insurance on the property covered in this policy.

Most of the materials and machinery insured were merged into a completed well-drilling outfit, including necessary houses, derrick, etc., but some of the lumber, of the value of several hundred dollars, was left over and remained idle on the ground. Subsequently, and during the period covered by the two policies, the completed structures, as well as the machinery installed therein, were totally destroyed by fire, but the left-over materials were not destroyed. Buie collected under the second policy, issued through Rutledge's company; but appellant resisted payment of the policy issued by it, and this suit was brought by Buie to recover the amount of this insurance. The insurance company answered, and, among other defenses, alleged that subsequent to the issuance of the policy sued on the insured had taken out additional insurance covering some of the property, and under the terms of the contract the policy was thereby rendered void. In reply to this pleading, Buie filed a supplemental petition, alleging that the property thus doubly covered was embraced in the policy sued upon through mutual mistake of the parties in that he did not apply to appellant for insurance upon the specific property which was subsequently covered in the second policy issued, and did not know it had been included in the policy sued on, which he sought to have reformed so as to exclude the doubly insured property. The cause was tried by jury, upon whose verdict judgment was rendered reforming the policy as prayed for, and in favor of Buie for the full amount of the policy. Only two issues were submitted to the jury, upon which they found, simply: (1) That Rutledge, to whom Buie applied for insurance, did not "give any notice or information" to appellant's agent "to include in the policy of insurance involved in this suit the items of property" afterwards included in the second policy, issued by Rutledge; and (2) that after appellant discovered that the additional insurance had been issued it did not within a reasonable time, or within 90 days after such discovery, notify the insured that it would not be bound by its policy, here sued on. In addition to these jury findings, the court below filed very full findings of fact and conclusions of law. Appellant has brought forward 37 propositions of law based upon 36 assignments of error, but when appropriately grouped they present a much smaller number of questions of law.

[1] The question first to be determined is one of agency. As has been shown, Buie, the insured, did not deal directly with appellant's agent, and at no time had any com-

munication with him. He applied to Rutledge, through whom for years he had been getting his insurance, in policies issued by companies for whom the latter was an agent. Rutledge did not represent appellant, and had no express authority to bind it by word or act. So, being unable to place the desired insurance in one of his own companies, Rutledge, with Buie's consent, sought elsewhere for the policy, procured it in appellant's company through the latter's agent, and, under an agreement to that end, the two agents shared equally the commission allowed by appellant on the premium, which Rutledge collected from Buie and paid over to appellant's agent, who in turn paid it over to appellant. The precise question thus presented is whether or not, under the peculiar facts, Rutledge is deemed to have been the agent of appellant, the insurer, in the transaction. The question is not a new one, in this or other jurisdictions, and in a practically unbroken line of authorities in this state it is held that in cases such as this, where the policy is issued at the instance of, and is delivered to the insured through, an intermediary agent or broker, such as Rutledge in this case, who collects the premium and shares in the commission paid thereon by the insurer, the intermediary agent or broker is deemed the agent of the insured in procuring the policy, and the insurer is not bound by his acts, nor is knowledge acquired by him in the transaction imputed to the insurer. May, Ins. § 124a; Joyce, Ins. §§ 413, 414, 557; 14 R. C. L. p. 1010; 22 Cyc. p. 1444; Insurance Co. v. Blum, 76 Tex. 653, 13 S. W. 572; Fire Ass'n v. Cement Co., 37 Tex. Civ. App. 629, 84 S. W. 1115; Insurance Co. v. Harris, 26 Tex. Civ. App. 537, 64 S. W. 867; Holmes v. Thomason, 25 Tex. Civ. App. 389, 61 S. W. 504; Insurance Co. v. Oliver (Tex. Civ. App.) 204 S. W. 367; McGraw v. Insurance Co., 126 La. 32, 52 South. 183, 38 L. R. A. (N. S.) 614, and note, 20 Ann. Cas. 1229. Appellee cites article 4961 of the Statutes, and Insurance Co. v. Wandell (Tex. Civ. App.) 195 S. W. 289, as authority for his contention that under the facts of the case Rutledge became the agent of the insurer, who was thereby bound by his acts, and to whom was imputed any knowledge acquired by said agent in the transaction. The opinion in the Wandell Case upholds this contention, and bases the decision upon the statute cited, and upon the decision in Insurance Co. v. Cummings (Tex. Civ. App.) 78 S. W. 716, which may also be said to support appellee's contention. It has been expressly held by the Supreme Court of Texas, however, that article 4961, relied upon in the Wandell Case, and cited by appellee, does not affect the question presented, and does not serve to constitute an intermediary agent or broker, such as Rutledge, the agent of the insurer. Insurance Co. v. Walker, supra. When the statute is thus eliminated, it leaves the Wandell Case and Cummings Case standing alone against the array of authorities we have cited above, which we feel obliged to follow. Appellant's propositions 21, 21a, 22, 23, and 24, raising this question, must be sustained.

[2] The question next to be considered is whether or not equity will reform the contract of insurance so as to exclude from the property covered the material the insured claims was not intended to be included therein. If this material was effectually embraced in the property covered, then the whole policy, according to its provisions, was voided when Buie subsequently procured additional insurance covering the same material. This is a somewhat general statement of the questions presented, but it is as specific as the statements in the briefs of the parties warrant. Although this question is presented by appellant as its first and paramount proposition of law, it does not set out in its brief a description of the property covered in the policy sued on, or of the property included in the additional policy, or the clause in the policy prohibiting the additional insurance. However, appellee seems to concede that the two policies cover in part the same materials, and that this fact voids the policy as written, but undertakes to save himself by showing that the property thus doubly insured was included in the instant policy through the mutual mistake of the parties, and contrary to his instructions. As the judgment must be reversed upon other grounds, we will not discuss the evidence, which appellant insists was insufficient to warrant the reformation of the contract sued upon; but this much may be said upon the question: If it is shown by clear and convincing proof that in applying to the agent for the insurance the insured specifically describes the property desired to be covered, and the policy issued in pursuance of this application misdescribes the property and includes material not intended by the insured to be covered, the result amounts to a mutual mistake of the parties. If, through no negligence of the insured, the mistake is not noticed by him, and the property is destroyed, the contract, if void in the form written, will be reformed so as to embrace the real intention, and if valid as so reformed will be enforced. Joyce, Ins. § 3509 et seq.; Insurance Co. v. Lewis, 48 Tex. 622; Insurance Co. v. Wandell, supra; Insurance Co. v. Brannon, 99 Tex. 391, 89 S. W. 1057, 2 L. R. A. (N S.) 548, 13 Ann. Cas. 1020; Kelly v. Ward, 94 Tex. 297, 60 S. W. 311; Insurance Co. v. Hill (Tex. Civ. App.) 127 S. W. 283.

In his thirteenth proposition of law appellant contends that Buie applied for a "builder's risk," which covers only structures in course of construction, and that, as the property here insured had been assembled into completed structures at the time of the loss, no recovery could be had. The statement under this proposition is not sufficient to affirm-

atively show error. A portion of the testimony of Rutledge is set out, mostly in general terms, and if that testimony alone is considered, and is given a liberal construction in appellant's favor, it may be said to show that a "builder's risk" was applied for, and that the completed structure was destroyed; but no showing is made as to the character of policy actually issued. The particular clause, or clauses, in the policy bearing upon the nature of the risk, or from which it may be held that it did not cover completed structures, or covered only unassembled materials, is not set out in appellant's brief. This proposition cannot be considered.

[3] It appears that the policy sued on covered certain materials on the insured's premises, a part of which were merged into completed structures prior to the loss, and that the completed structure was totally destroyed, but that the unused material, although covered by the policy, was not destroyed. The full amount of the policy, however, was recovered, and complaint thereat is made by appellant in its fourteenth to eighteenth, and twenty-ninth, propositions of law, which are grouped. These propositions, to which appellee makes no reply, must be sustained. It is provided in article 4874, R. S., that a fire insurance policy, in case of total loss of real property insured, shall constitute a liquidated demand for the full amount of the policy; but this statute does not apply to cases where a portion of the property insured was not destroyed, as was the case here. This being true, the recovery should have been limited to the value of the property actually destroyed.

[4] While appellee was upon the witness stand, appellant sought in cross-examining him to prove by him that he had been convicted and served a term in the penitentiary for the offense of counterfeiting. The court, however, refused to permit appellee to answer the question designed to elicit this testimony, upon the objections urged by his counsel that "you cannot introduce that as an impeachment in a civil case. The rule is as plain as can be—it is immaterial, irrelevant, and highly prejudiced, and I object to it on the further ground that it is incompetent." In other jurisdictions the rule seems to be that proof of the prior conviction of a witness for a felony is admissible to impeach such witness in civil cases. 28 R. C. L. p. 624, § 212; 40 Cyc. p. 2606. But the contrary appears to be the established rule in Texas. Railway v. Creason, 101 Tex. 335, 107 S. W. 527; Railway v. De Bord, 21 Tex. Civ. App. 702, 53 S. W. 587; Burchard v. Woodward (Tex. Civ. App.) 223 S. W. 707; Hazard v. Telegraph Co., 54 Tex. Civ. App. 113, 116 S. W. 625. Appellant's twenty-seventh and twenty-eighth propositions of law are overruled.

[5] The court below took the position that appellant ascertained that the insured had violated the terms of the policy by taking out the additional insurance; but as it did not repudiate the policy on that account within 90 days, or within a reasonable time, after ascertaining the fact, it was thereby estopped from urging that defense. But the record shows that appellant did not learn of the additional insurance until after the loss occurred, unless it was charged with the notice thereof by reason of the knowledge gained by Rutledge when he himself procured the additional insurance for Buie several months after appellant's policy was issued and delivered. This theory of the trial court is erroneous, however. In the first place, as we have shown, Rutledge was not the agent of the insurer; but, even if he had been such at the time the policy was issued, his agency fully terminated with the delivery of the policy to the insured, and he no longer had any authority to bind appellant by his conduct, or as the recipient of notice of the taking out of additional insurance several months after his agency ended. He gained this knowledge, not while acting for appellant, but for an entirely different company, and long after his connection with appellant had terminated. He was under no duty to convey this notice to appellant, and did not do so, and it was not imputed to appellant. Mech. Agcy. § 1832 et seq.; Irvine v. Grady, 85 Tex. 120, 19 S. W. 1028.

[6] The trial court held, also, that it was not shown that the breach of the condition against taking out additional insurance contributed to bring about the destruction of the property, and therefore it was no defense to the suit. Articles 4947 and 4948, R. S., are cited in support of this position. These articles, however, relate to false representations of the insured in procuring the issuance of policies, and are not applicable here. Appellee also cites the case of Insurance Co. v. Buckingham (Tex. Civ. App.) 211 S. W. 531, in support of this theory; but that decision is not applicable. In that case the property insured was personal property, and the court held that the removal of it from one place to another did not contribute to bring about its destruction. Here the provision sought to be vitiated is one in effect prohibiting double insurance, which is an entirely different thing. The removal of the insured property may not serve to render the risk more hazardous, as held in the Buckingham Case; but if it is insured for two or more times its value the additional hazard is not difficult to perceive. Besides, the Buckingham decision is based upon article 4874a relating exclusively to personal property, whereas appellee's whole case is based upon the theory that the property destroyed was real, and not personal property, a question not now necessary to decide. It appears, too, that the holding in the Buckingham Case has been definitely disapproved by our Supreme Court. Insurance Co. v.

Alonzo (Tex. Com. App.) 246 S. W. 82. Appellant's propositions 19, 20, 21, 30, and 37 must be sustained. Appellant's propositions 25, 26, 33, 34, and 35 will be disregarded because of the insufficiency of the statements thereunder.

[7] In its judgment against appellant, the court allowed appellee 6 per cent. interest from the date of the fire loss, and appellant complains of this as error, upon the ground that it was expressly provided in the policy that the amount of the loss shall be payable 60 days after notice and proof of loss is furnished the company. In the statements under the proposition raising this question, the date of proof of loss or notice is not shown, and it will therefore be assumed that this notice was given and proof made on the date of the fire. Under the facts disclosed, and the loss not being total, and it not being shown when proof of loss was made, interest should have been computed from the sixtieth day after the loss occurred. Fire Ass'n v. Strayhorn (Tex. Com. App.) 211 S. W. 447.

For the reasons given the judgment will be reversed, and the cause remanded.