AMERICAN HYDROCARBON CORPO-
RATION, Appellant,

v.

Joe HICKMAN, Appellee.

No. 7652.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 3, 1965.

James A. Knox, Arthur M. Aibin, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellant.

Jay S. Fichtner, Dallas, for appellee.

CHADICK, Chief Justice.

Joe Hickman, pleading an action upon a written contract for personal services, sued American Hydrocarbon Corporation. Summary Judgment was rendered wherein plaintiff Hickman was awarded $50,000 on the merits of the action and an attorney fee of $5,750.00, together with interest, costs, etc., and defendant American Hydrocarbon Corporation has appealed. The judgment of the trial court is affirmed.

First, the appellant corporation appeals for reversal because the trial judge's initial act in the summary judgment trial allowed American Hydrocarbon Corporation's attorney to withdraw from the case at that crucial stage, and thereafter, in the absence of legal counsel for appellant, proceeded to hear Hickman's motion for summary judgment and rendered judgment thereon unfavorable to the corporation. Preceding the hearing the American Hydrocarbon Corporation had timely filed an answer to Hickman's original petition, but did not file a reply to his motion for summary judgment.

The appellant acknowledges in its brief that established practice required it to allege in its motion for new trial and to submit proof at a hearing thereon tending to show that the absence of legal counsel of its own choice at the trial was not due to its fault or negligence, or that of counsel, that it had a meritorious defense to the cause of action asserted against it, and that failure to request a continuance was excusable under the circumstances.

 Labor will be reduced by considering immediately one sector of the general rule appellant acknowledges; that is, the requirement that the motion for new trial contain an allegation that the movant has a meritorious defense to the action plead. Such an allegation in the motion for new trial is a prerequisite to relief from a judgment entered under the circumstances shown. Strode v. Silverman (Tex.Civ.App. 1949, wr. ref.), 217 S.W.2d 454; Maeding v. Maeding (Tex.Civ.App.1941, no writ), 155 S.W.2d 991; Farmers Gas Co. v. Calame (Tex.Civ.App.1924, no writ), 262 S.W. 546; McCaskey v. McCall (Tex.Civ.App. 1920, no writ), 226 S.W. 432; and Drummond v. Lewis, (Tex.Civ.App.1913, no writ), 157 S.W. 266. Appellant's first and second points of error are based upon assignments One and Two in the Motion for New Trial filed in the trial court. These two assignments, quoted in full, read:

"I. The Trial Court erred in granting Summary Judgment against the Defendant for the reason that there are genuine issues of material fact to be decided in the cause.

"II. The Trial Court erred in rendering Summary Judgment against the Defendant after E. L. Markham, Jr., attorney of record for the Defendant, had been permitted by the Court to withdraw as counsel immediately prior to entry of Summary Judgment, thereby leaving Defendant without counsel and without opportunity to hire new counsel to represent it herein."

That the quoted material does not contain allegations of a meritorious defense to the cause of action plead by Hickman is patent on inspection.

 The above disclosed hiatus, in the motion for new trial rendered it insufficient to present for trial court revision any mistake the trial judge may have made in allowing the corporation's legal counsel to withdraw. The controlling rule is stated in 41 Tex.Jur.2d 360, sec. 154, to-wit:

"A party to a civil case seeking relief from a judgment rendered in the absence of his counsel must show in his motion papers, by averments of fact as distinguished from conclusions of law,

not only that he was prevented from presenting his case at a proper time through some cause unmixed with negligence on his part, but also that he has a meritorious case."

Next, the appellant challenges the use and sufficiency of Hickman's sworn original petition as an affidavit in support of his motion for summary judgment. Its' defects as a supporting affidavit are listed as failure of the affidavit to: 1) show the facts stated were within the affiant's personal knowledge, and 2) affirmatively show the affiant competent to testify to the matters embraced therein. Again, it must be noted that the appellant filed no reply in the trial court to Hickman's motion for summary judgment.

■ The failure of the affidavit in the respects listed above are waived unless objection is lodged thereto in the trial court. Youngstown Sheet & Tube Co. v. Penn (Tex.Sup.Ct.), 363 S.W.2d 230. However, the appellant points out that these defects in the affidavit are distinctly set out as grounds for a new trial in his motion, and as such constitute objections to the affidavit made in the trial court. City of Mesquite v. Scyene Investment Co. (Tex.Civ.App.1956, wr. ref., n. r. e.), 295 S.W.2d 276, is proffered as authority for the proposition that "In a summary judgment proceeding, calling such matter to the attention of the trial judge on motion for new trial is making such objection in the trial court". No extended analysis of the cited case is required to demonstrate that the case does not support the proposition.

■ The City of Mesquite's amended motion for new trial referred to an affidavit filed after summary judgment was rendered and "incorporated herein as a part of this pleading". The court held that the trial did not end until the motion was ruled upon, therefore the reference in the motion brought the factual contents of the belatedly filed affidavit to the attention of the court during the course of the trial; and on that

basis decided further, that owing to the peculiar nature of the summary judgment practice, the trial court was apprised, during the course of the trial, that a substantial fact dispute existed. The conclusion reached in City of Mesquite is quite different from a decision that an objection to inadequacies of the nature here concerned may be dispensed with when such inadequacies become the subject of a ground for a new trial in a motion for that purpose. No objection, as the term is understood in the trial of lawsuits, was made to the affidavit at any time before the motion for new trial was filed and the court was not required to rule upon its sufficiency one way or another. Acceptance of the appellant's unique theory would distort and pervert the function of the motion for new trial. "The object of a motion for new trial is to point out the rulings complained of, and call them to the attention of the trial judge, so that he may have an opportunity of reviewing his decisions, and, if need be, correct them." Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, 271. Appellant's point of error No. 3 is overruled.

The probative deficiency of hearsay evidence and factual conclusions in the affidavit supporting Hickman's motion for summary judgment are the subject of appellant's fourth point of error. Such evidence and conclusions are asserted to be the substance of these two allegations in Hickman's sworn original petition: "All of the personal services that were supposed to have been rendered under the aforesaid letters of agreement have been completed to the full satisfaction of Defendant and accepted by Defendant", and " * * * Plaintiff has an assignment from the said A. W. Wormser and P. O. Geddie of all of their right, title and interest in and to the benefits they may have derived from the said letter agreements marked Exhibit 'C' and 'D'."

■ The record presented does not manifest error. Rule 54, Vernon's Annotated Texas Rules, is applicable to the

allegations first mentioned. By force of the rule such averment is taken as proven, when not specifically denied. No denial was filed. Rule 93 is applicable to the second allegation. The genuineness of an assignment by Rule 93's provisions, is held as fully proved in the absence of a sworn denial. A sworn denial was not filed. Had this been a conventional trial, no proof that the services in question had been rendered would have been required; nor would have proof of an assignment have been necessary. No reason is suggested or apparent why these rules do not apply in summary judgment proceedings.

The remaining points of error, other aspects of the points of error discussed, together with the whole of appellant's argument, have been attentively considered and the conclusion reached that reversible error is not shown. The appellant's points are overruled and the judgment of the trial court is affirmed.