Royce E. BLANKENSHIP, Appellant,

v.

CITIZENS STATE BANK, SLATON, Texas, Appellee.

No. 4365.

Court of Civil Appeals of Texas, Eastland.

April 24, 1970.

Rehearing Denied June 5, 1970.

Ungerman, Hill, Ungerman, & Angrist, Vernon O. Teofan, Dallas, for appellant.

James M. Gerdeman, Lubbock, for appellee.

GRISSOM, Chief Justice.

The Citizens State Bank, Slaton, Texas, sued Royce E. Blankenship on his promissory note payable to the order of The Citizens National Bank of Lubbock. The note provided for ten percent attorney's fees on the principal and interest if placed in the hands of an attorney for collection or collected through a judicial proceeding. The plaintiff alleged that, before maturity, for a valuable consideration the payee sold said note to the plaintiff, as shown by the endorsement on the note, a photostatic copy of the note and assignment being attached to and made a part of plaintiff's petition, and that from the date of its purchase, November 6, 1967, the plaintiff had been the legal owner and holder thereof. Plaintiff alleged it placed said note with an attorney and agreed to pay him a reasonable attorney's fees, which he alleged was ten percent of the principal and interest due, which was the percent appellant agreed in the writing to pay. The photostatic copy of the back of the note shows the transfer to the plaintiff. The note provides for payment of ten percent attorney's fees.

The defendant filed a plea in abatement alleging that a petition in bankruptcy had been filed against him; that it had not been dismissed and he had not been adjudged a bankrupt and that validity of the assignment of said note to the plaintiff was an issue in that proceeding. The defendant did not file a general denial or any other pleading prior to a hearing and rendition of a summary judgment. The judgment reflects the gist of said matters.

The Bank filed a motion for summary judgment alleging that its cause of action was based upon a promissory note in writing executed by the defendant and that no pleading had been filed raising any defense thereto and that the pleadings showed there was no genuine issue as to any material fact and that plaintiff was entitled to judgment as a matter of law. The judgment recites that notice of said motion and the time for a hearing thereon and of a hearing of defendant's plea in abatement were duly served on defendant but he failed to respond or further appear at said time and, on the basis of the pleadings then on file, the court rendered summary judgment for the Bank. Appellee says that soon after

the time set for said hearings the defendant filed with the clerk an original answer in which he alleged he executed and delivered said note to the payee named therein and that the plaintiff had made demand upon him for payment of said note, but he denied the other allegations in plaintiff's petition and he denied that the attorney's fees sued for were "compensatory and reasonable." The Bank states in its brief that appellant made no reply to its motion for a summary judgment; that about an hour after the time set for said hearings appellant filed an answer but that he made no effort to inform the court that he had filed an answer, nor in any way attempt to secure a rehearing but that he sat idly by while the court granted plaintiff's motion and rendered judgment accordingly.

■ Mr. Blankenship has appealed from said judgment. His first point is that the court erred in rendering summary judgment because the pleadings on file showed there was a genuine issue of material fact as to whether plaintiff was the owner and holder of said note. Under the facts stated, there was no pleading then on file raising said issue in this case. His conclusion that the pleadings then on file presented an issue of fact as to whether the plaintiff was the owner and holder of said note is, necessarily, based upon what we consider an erroneous belief that the statement in his plea in abatement that validity of the assignment was an issue in the bankruptcy case was tantamount to filing an answer in this case properly raising such an issue. It did not have that effect. R.C.P. 93. The defendant had the burden of filing such an answer and of bringing it to the attention of the court and of seeking a rehearing and, under the apparent delaying tactics employed, the court is not shown to have erred in sustaining the motion for summary judgment on the theory that there was then such an issue of fact shown by the pleadings on file.

■ Texas R.C.P. 93(i) provides that a pleading denying the alleged assignment of the written instrument sued on by the assignee shall be verified and that in the absence of such a sworn defensive plea, the assignment shall be held as fully proved. The latter portion of that rule contains a provision that such a denial may be made in an amended pleading but that it must be filed not less than seven days before the trial. Here, there was no answer on file, or called to the court's attention, prior to the hearing and announcement of the judgment. Under such pleadings no issue of fact was raised as to assignment of the note to the plaintiff and the allegation of such facts by the plaintiff are to be treated as confessed. Southwestern Fire & Casualty Company v. Larue (Sup.Ct.), 367 S.W.2d 162, 163; American Hydrocarbon Corporation v. Hickman (Tex.Civ.App.), 393 S.W.2d 197, 200; Abeel v. Weil, 115 Tex. 490, 283 S.W. 769, 775; Schauer v. Beitel's Ex'r, 92 Tex. 601, 50 S.W. 931, 932; International & G. N. R. Co. v. Tisdale, 74 Tex. 8, 11 S.W. 900, 902; Grounds v. Sloan, 73 Tex. 662, 11 S.W. 898 and Howell v. First Federal Savings and Loan Association of New Braunfels, 383 S.W.2d 484, 486 (Tex.Civ. App. Ref. n. r. e.).

■ The defendant's second point is that the court erred in rendering said judgment because the pleadings on file showed there was a genuine issue of material fact as to whether the attorney's fee sued for was reasonable. His third point is that there was an issue of fact as to whether the attorney's fee sued for was compensatory. Said points are overruled. In Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 950, our Supreme Court held that in an action on a note, wherein recovery of attorney's fees was sought in accordance with provision therefor in the note, in the absence of an issue affirmatively tendered by the defendant, it was not necessary for plaintiff to prove an agreement to pay such fee or that it was reasonable. At the time this judgment was rendered the only pleading on file was said plea in abatement which, so far as is here material, merely alleged that validity of the assignment was

an issue in the bankruptcy case. It was not an issue here under the pleadings then on file. We cannot hold that the court committed reversible error in not considering a pleading which had not been filed at the time of the hearing and which was not called to the attention of the court. See also Weingarten, Inc. v. Moore (Sup.Ct.), 449 S.W.2d 452.

Appellant's fourth point is that the court erred in overruling his plea in abatement. He says that the debt sued upon is one which a discharge in bankruptcy would release and that Section 17 of the Bankruptcy Act, 11 U.S.C. § 35 and § 29a, provide that such a suit shall be stayed until there is an adjudication or dismissal of the petition. "The mere pendency of a bankruptcy proceeding does not divest the state court of jurisdiction." Fitch v. Jones (Sup.Ct.), 441 S.W.2d 187, 188. We think its plea in abatement was an erroneous conclusion of law.

Appellant's points have all been considered and are overruled. The judgment is affirmed.