F. H. VAHLSING, Jr. and Vahlsing Contracting Corporation, Appellants,

v.

COLLIER COBB & ASSOCIATES OF DALLAS, INC., Appellee.

No. 19331.

Court of Civil Appeals of Texas, Dallas.

Nov. 1, 1977.

Rehearing Denied Dec. 15, 1977.

Ted R. Cackowski, Austin, for appellants.

Herbert W. Marshall, Shearin, Collins & Marshall, Dallas, for appellee.

ROBERTSON, Justice.

Collier Cobb & Associates of Dallas, Inc., sued F.H. Vahlsing, Jr. & Vahlsing Contracting Corporation on an indemnity agreement, alleging defendant's obligations under the agreement had been assigned to plaintiff Cobb by Commercial Union Insurance Company. The trial court rendered summary judgment against Vahlsing and his corporation, and both appealed. We reverse and remand the case for trial.

The sole question on this appeal is whether Cobb's failure to produce its alleged assignment from Commercial Union Insurance Company precluded the rendition of summary judgment. Cobb maintains that production of the assignment was unnecessary because Vahlsing did not dispute the assignment by filing a sworn pleading under rule 93(i) of the Texas Rules of Civil Procedure. We disagree. Absence of a sworn denial under rule 93(i) only effects waiver of challenge to the *genuineness* of an assignment which has otherwise been produced; it does not dispense with proof of the *existence* of the transfer.

Rule 93 requires certain matters in pleadings to be verified by affidavit. Subdivision (i), the rule requires verification of

A denial of the *genuineness* of the indorsement or assignment of a written instrument upon which suit is brought by an indorsee or assignee and in the absence of such a sworn plea, the indorsement or assignment thereof shall be held as fully proved . . . [Emphasis added]

As we read this language, the rule contemplates waiver of disputes regarding the "genuineness" of an assignment which has otherwise been produced. Thus, in the absence of a sworn plea, issues such as execution, authority of the assignor, and genuineness of signatures are waived; however, these issues are dependent upon proof that an assignment actually *exists,* and if the existence of the assignment is omitted from the movant's summary judgment proof, lack of proof of this material fact precludes rendition of summary judgment. *Cf. Raulston v. Raulston,* 531 S.W.2d 683, 687 (Tex. Civ.App.-Texarkana 1975, no writ) (Rule 93 waiver only dispenses with proof of execution of affidavit, and not its contents). *American Fiber Glass, Inc. v. General Electric Credit Corporation,* 529 S.W.2d 298 (Tex.Civ.App.-Fort Worth 1975, writ ref'd n. r. e.) (Failure to file sworn plea waives challenge to execution of note, and only remaining requirement is to introduce note into evidence to pr ve its terms); *VanHuss v. Buchanan,* 508 S.W.2d 412, 414 (Tex.Civ. App.-Fort Worth 1974, writ dism'd) (Execution challenge waived by failure to file sworn denial; introduction of instrument only remaining requirement).

Appellee Cobb cites *American Hydrocarbon Corp. v. Hickman,* 393 S.W.2d 197, 200 (Tex.Civ.App.-Texarkana 1965, no writ) and *Blankenship v. Citizens State Bank,* 457 S.W.2d 120 (Tex.Civ.App.-Eastland 1970, writ ref'd n. r. e.) to support the argument that attachment of the assignment was unnecessary. The *Blankenship* case expressly recites that a copy of the assignment was attached to the plaintiff's petition. Moreover, although the *American Hydrocarbon* case holds that "proof of an assignment" is unnecessary in the absence of a sworn denial, we are not convinced that the waiver of "proof of an assignment" means waiver of proof of the *existence,* as distinguished from the genuineness of an assignment. The *American Hydrocarbon* case does not recite whether the assignment was produced in that case, and it is consistent with our interpretation of Rule 93(i) if we assume that the broad language of that case was appropriate because the assignment was indeed present.

Cobb's final argument is that attachment of the assignment was unnecessary because its terms had been admitted by Vahlsing's failure to answer Cobb's requests for admission.[1] We cannot agree. Even though the *terms* of the assigned contract may have been admitted by failure to answer the requests, there is no summary judgment proof, either by admission, deemed admission, or otherwise that the assignment actually occurred. We emphasize that the crucial inquiry in a case such as this is whether the assignment actually occurred; even though the terms of the assigned instrument are admitted, summary judgment is improper unless the assignee proves the transaction by which he gained the right to sue. If such an assignment was made, it should be a simple matter to secure it, a sworn copy, or, if the assignment was oral, an affidavit, and attach it as summary judgment proof.

Reversed and remanded.

## ON MOTION FOR REHEARING

On rehearing, Cobb argues that summary-judgment proof of an assignment was unnecessary because, as an insurance broker, Cobb could sue in its own name as assignee. In support of this connection, Cobb cites *Holmes v. Thomason,* 25 Tex.Civ. App. 389, 61 S.W. 504 (1901, no writ), which holds that an insurance broker can sue in its own name when it procures the policy for the insured and pays the premium. We cannot accept this argument. Even assuming the viability of the *Holmes* rationale, there is no summary-judgment proof that Cobb has paid the premium in this case.

Motion for rehearing overruled.

---

1. Those requests for admission detailed the terms of the instrument which was allegedly assigned, and those terms were admitted when the trial court struck Vahlsing's answers to the requests before rendering summary judgment. *See* Tex.R.Civ.Proc., Rule 169.