Charles H. HAVENS, Appellant,

v.

James W. AYERS, Appellee.

No. 01–94–00326–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 20, 1994.

James Cooper–Hill, Houston, for appellant.

Stephen D. Ingram, Houston, for appellee.

Before HUTSON–DUNN, DUGGAN and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, Charles Havens, appeals by petition for writ of error from a summary judgment rendered in favor of appellee, James Ayers. Ayers sued Havens and four other individuals on a guaranty agreement that Ayers had allegedly obtained by assign-

ment. Havens did not answer Ayers' motion for summary judgment, which the trial court then granted. In five points of error, Havens complains of improper notice and that the guaranty agreement was never assigned to Ayers. We grant Havens' petition for writ of error and reverse and remand for trial.

In his first three points of error, Havens argues that the trial court erred in granting Ayers' motion for final summary judgment for two reasons: (1) because Havens was not given proper notice of the hearing on the motion; and (2) because Ayers failed to comply with the notice provisions of TEX.R.CIV.P. 166a. A recitation of facts is necessary to analyze this issue.

In March 1988, Telco Datanet Dallas, Inc., a Texas corporation, executed a promissory note in the principal sum of $400,000 payable to First National Bank of Clarksville, Tennessee. Payment of the note was secured by a security agreement on property owned by Telco. Further, Havens, along with four other individuals, including Ayers, executed and delivered to the bank a separate guaranty agreement as additional security for the note.

The Dominion Bank of Middle Tennessee, formerly First National Bank of Clarksville, assigned the promissory note, security agreement, and financing statement to Ayers without recourse. The assignment made no mention of whether it included the guaranty agreement.

After Telco defaulted on the note, Ayers brought suit against both Telco and the guarantors on October 10, 1991, in a suit docketed as cause 91–54167. On May 5, 1992, upon motion by Ayers, the trial court entered an order granting a severance between the cause of action on the note and the cause of action against the guarantors. The suit against the guarantors was docketed as cause 91–54167A. The record indicates that a copy of Ayers' motion for severance was sent to Havens' counsel of record, Steven Simmons.

Ayers then filed an amended petition in cause 91–54167 against Telco and the guarantors on August 14, 1992. A copy of the petition was sent to Simmons. In addition to injunctive relief, the petition sought damages based on the guaranty agreement and conversion.

On October 17, 1992, the court entered a partial summary judgment as to liability only against the guarantors in cause 91–54167A. The certificate of service on the motion indicates it was sent to Simmons.

Upon motion by Havens to substitute counsel in cause 91–54167, the court entered an order substituting James Cooper–Hill as counsel of record in place of Steven Simmons on February 10, 1993. Havens never filed a motion to substitute Cooper–Hill for Simmons in cause 91–54167A because he claims neither he nor Cooper–Hill were ever notified of the prior severance.

Ayers filed a motion for final summary judgment in cause 91–54167A on July 8, 1993. The certificate of service on Ayers' motion states that it was mailed to Cooper–Hill, while the certificate of service on the notice of hearing states that it was mailed to Simmons. However, the transmittal letter filed with the trial court along with the motion and notice of hearing contains a notation indicating that a copy of both Ayers' motion for final summary judgment and notice of hearing were served upon Simmons. Cooper–Hill claims he never received a copy of either the motion for final summary judgment or the notice of hearing in cause 91–54167A.

Neither Simmons nor Cooper–Hill filed a response on Havens' behalf or appeared at the summary judgment hearing, and on August 13, 1993, the trial court entered a final summary judgment against Havens and the other guarantors in cause 91–54167A. Havens filed a petition for bill of review in the trial court below in addition to the petition for writ of error filed with this Court.

■ In order to obtain relief from an adverse judgment by a petition for writ of error to the court of appeals, a party seeking relief must show that the petition: (1) was perfected within six months of the date of the judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) contains an error apparent on the face of the record. *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390,

392 (Tex.1982). The record reflects that Havens' petition for writ of error was perfected within six months of the date of judgment and that Havens neither filed a response to the motion for summary judgment nor appeared at the hearing on the motion. This Court has held that where an appellant neither filed a response nor appeared at the hearing on a summary judgment motion, appeal by writ of error is permissible. *Stiver v. Texas Instruments, Inc.,* 615 S.W.2d 839, 842 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Further, Havens is clearly a party to the suit. Therefore, the only element at issue before this Court is whether there is error on the face of the record.

In his first and third points of error, Havens argues that he was not given proper notice of the hearing on the final summary judgment in cause 91–54167A and cites authorities for the proposition that this violated his due process rights. *See Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 84–85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988). This argument is without merit. As noted, the certificate of service attached to the notice of hearing on the motion for final summary judgment in cause 91–54167A states that Steven Simmons, Havens' counsel of record, was properly served. A certificate of service is prima facie evidence of proper service. TEX.R.CIV.P. 21a; *Compusolve, Inc. v. Urban Eng'g, Inc.,* 799 S.W.2d 374, 376 (Tex.App.—Corpus Christi 1990, no writ). There is no evidence on the face of the record that Havens was not given proper notice of the hearing on Ayers' motion for final summary judgment. Rather, the real issue in this case is whether Havens was properly served with the actual motion for summary judgment in cause 91–54167A.

We overrule Havens' first and third points of error.

In his second point of error, Havens argues that the record demonstrates that the trial court erroneously granted Ayers' motion for final summary judgment because Ayers failed to serve a copy of the motion on the opposing counsel of record. This point is more problematic. TEX.R.CIV.P. 21 states that every "pleading, plea, motion or application to the court for an order ... unless presented during a hearing or trial ... shall be served on all other parties." Further, the party or attorney of record must certify compliance with rule 21 by a signed writing on the filed document. TEX.R.CIV.P. 21a.

The certificate of service on Ayers' motion for final summary judgment in cause 91–54167A states that it was served on James Cooper–Hill. As noted, James Cooper–Hill was not the counsel of record for Charles Havens in cause 91–54167A. The only evidence in the record that the motion was served on Steven Simmons, the actual counsel of record, is the transmittal letter filed with the trial court along with Ayers' motion for final summary judgment and notice of hearing.

In his brief, Ayers cites authority for the proposition that a letter filed with the court stating that a copy of a filed pleading has been sent to opposing counsel is sufficient to comply with rule 21a. *Birdwell v. Texins Credit Union,* 843 S.W.2d 246, 249 (Tex. App.—Texarkana 1992, no writ). However, *Birdwell* is clearly distinguishable because it contains no language to indicate that there were conflicting certificates of service regarding the same motion as in the present case. The record in the present case does not show that Havens' counsel of record was served a copy of the motion for final summary judgment in cause 91–54167A. Except on leave of court, a motion for summary judgment must be served upon opposing counsel at least 21 days before the time of the hearing. TEX.R.CIV.P. 166a(c). Thus, the record contains an error on its face.

We sustain Havens' second point of error.

In his final two points of error, Havens asserts that the record demonstrates that the trial court erroneously granted both summary judgments in cause 91–54167A because there is no evidence to show that Ayers was the holder or transferee of the guaranty made the basis of the agreement. He argues that under Tennessee law, which is expressly incorporated in the note and guaranty agreement, an indebtedness and guaranty are separate contracts that must be expressly assigned. As noted above, the as-

signment from Dominion Bank to Ayers did not state whether it included the guaranty agreement.

Ayers contends that Havens has waived these points by failing to file a verified pleading denying the assignment of the guaranty agreement. In his pleadings, Havens filed a general denial along with an affirmative defense asserting failure to mitigate damages. He never filed a verified pleading denying the assignment of the guaranty to Ayers.

■ TEX.R.CIV.P. 93 provides the following:

> A pleading setting up any of the following matters, unless the truth of such matters appears of record, shall be verified by affidavit.
>
> . . . .
>
> 8. A denial of the *genuineness* of the indorsement or assignment of a written instrument upon which suit is brought by an indorsee or assignee and in the absence of such a sworn plea, the indorsement or assignment thereof shall be held as fully proved.

(Emphasis added.) In construing the language of this rule, we choose to follow the holding of one of our sister courts. *See Vahlsing v. Collier Cobb & Assoc.*, 560 S.W.2d 117, 117–18 (Tex.Civ.App.—Dallas 1977, no writ). In *Vahlsing*, the court reasoned that the language of rule 93 only contemplates the waiver of disputes regarding the *genuineness* of an assignment that has otherwise been produced. *Id.* In other words, even in the absence of a verified denial, an assignee is not relieved of the burden of proving the existence of the transfer. *Id.* at 117.

In his waiver argument, Ayers cites cases for the proposition that no proof of an assignment is required unless a verified denial is filed in accordance with rule 93. *See Blankenship v. Citizens State Bank*, 457 S.W.2d 120, 122 (Tex.Civ.App.—Eastland 1970, writ ref'd n.r.e.); *American Hydrocarbon Corp. v. Hickman*, 393 S.W.2d 197, 200 (Tex.Civ. App.—Texarkana 1965, no writ). However, as noted in *Vahlsing*, both cases are clearly distinguishable. *See Vahlsing*, 560 S.W.2d at 118. In *Blankenship*, a copy of the assign-

ment sued upon was attached to the plaintiff's petition. 457 S.W.2d at 121. Further, although the *American Hydrocarbon* case does not state whether the assignment was produced in that case, we assume that it was since any other interpretation would contradict the language of rule 93. *See Vahlsing*, 560 S.W.2d at 118.

In the present case there is no evidence in the record that Ayers was assigned the guaranty. Although the assignment from Dominion Bank to Ayers referred to both the promissory note and secured collateral, it never mentioned the guaranty agreement. Further, neither Ayers' pleadings nor his motions for summary judgment expressly alleged that he was assigned the agreement. We find that Havens was not obligated under rule 93 to file a verified denial of the assignment of the guaranty. Havens' remaining points of error should thus be considered on their merits.

■ As noted, Havens contends that there is legally insufficient evidence to support Ayers' motion for summary judgment since there was no express assignment of the guaranty agreement. To be entitled to summary judgment in Texas, the movant must conclusively prove all essential elements of his claim. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). In response, Ayers argues that he need not prove express assignment of the guaranty agreement because the assignment of a note operates as the assignment of all security for the note.

■ Under Tennessee law, a guaranty is a separate collateral promise by one to answer for a debt in default of a third. *Memphis Sheraton Corp. v. Kirkley*, 640 F.2d 14, 17 (6th Cir.1981) (citing *Villines v. Parham–Linsey Grocery Co.*, 6 Tenn.App. 254 (1927), *cert. denied by Tenn. S.Ct.* (1928)). Thus, absent an express provision, a guaranty is not transferable to the buyer of the note since the buyer is not a party to the original guaranty contract. *Kirkley*, 640 F.2d at 17; *Turley v. Hodge*, 22 Tenn. (3 Hum.) 73, 74 (1842).

Ayers cites case law to support his argument that the assignment of a note operates as the assignment of all security for the note.

See *McCallum v. Jobe,* 68 Tenn. 168 (1877); *Cleveland v. Martin,* 39 Tenn. (2 Head) 128 (1858). However, both cases that he cites are distinguishable since they involved the assignment of a note secured by real property rather than a guaranty. *Kirkley,* 640 F.2d at 17.

In addition to Tennessee law, the language of the guaranty agreement itself works in Havens' favor. The agreement specifically provides as follows:

> (5) In the event Bank transfers or assigns to another any liability of Guaranteed to Bank, *Bank may make an assignment of part or all of the benefits of this Guaranty, in which event this Guaranty shall continue to apply to such assigned liability as well as to all other liabilities covered hereby,* and to the extent provided in such assignment, shall be enforceable by the assignee or any subsequent assignee in such assignee or sub-assignee's name.

(Emphasis added.) Although not expressly stated, this language implies that the guaranty does not automatically follow the note to which it applies.

Thus, the record contains no evidence of one of the elements essential to Havens' cause of action. We sustain Havens' final two points of error.

 Ayers argues that Havens has waived his right to pursue a writ of error by simultaneously pursuing a bill of review in the trial court. However, the cases that he cites for this proposition merely state that a party who fails to exercise his right to a legal remedy by filing an application for writ of error will be prevented from obtaining a bill of review. *National Bank v. First Nat'l Bank,* 682 S.W.2d 366, 369 (Tex.App.—Tyler 1984, no writ); *Moore v. Mathis,* 369 S.W.2d 450, 454 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.), *cert. denied,* 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964).

 Ayers additionally argues that Havens made a judicial admission in his petition for bill of review that precludes him from claiming there is error on the face of the record. In Havens' petition for bill of review, he states that "review by writ of error

is inadequate and unavailable because there is no patent error on the face of the record."

 Ayers' argument is without merit for two reasons: First, we note that Havens' petition for bill of review was filed after the hearings on Ayers' motions for summary judgment. Appellate review of a trial court's ruling granting a motion for summary judgment is limited to the record as it existed before the trial court at the hearing on the motion. TEX.R.CIV.P. 166a(c); *Dover v. Polyglycoat Corp.,* 606 S.W.2d 19, 20 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ). Second, Havens' decision to simultaneously file a writ of error and bill of review constituted alternative pleading. Assertions of fact in alternative pleadings are not judicial admissions. *See Houston First American Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex.1983) ("Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions.").

We grant Havens' petition for writ of error and reverse and remand for trial.