### ROSS v. RUBIN.

(Supreme Court, Appellate Term. December 13, 1898.)

1. INSURANCE—PREMIUMS—RIGHT TO SUE.

    An insurance agent. who had written and delivered policies on the property, and at the request, of the owner, is not the proper party to bring an action for the premiums due on the policies.

2. SAME—AGENTS—VOLUNTARY PAYMENTS—RIGHT TO RECOVER.

    Insured had obtained insurance through an insurance agent. Afterwards the insured sought to repudiate liability for the premiums, and the agent commenced an action to compel him to pay the premiums to the insurer. Before the trial the agent paid the premiums due, without a request from the insured or by virtue of any obligation. *Held* a voluntary payment. which the agent could not recover from the insured.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Francis H. Ross against Betsie Rubin. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

J. L. Weinburg, for appellant.

Ryan & Richards, for appellee.

GILDERSLEEVE, J. The pleadings are oral, except so far as the bill of particulars filed by plaintiff sets forth that plaintiff, at the request of defendant, wrote and delivered to the defendant, about May 11, 1898, three policies of insurance on No. 9 Bayard street, and that the premiums thereon, amounting to $204, are due to plaintiff and unpaid. The complaint, as appears by the return, is for "insurance premiums," while the answer is "a general denial." The plaintiff introduced in evidence an authorization or application for the procurance of the insurance, which is admittedly signed by defendant's husband. This authorization or application for insurance is partly printed, partly written, and contains many blank spaces. It is as follows, viz.:

"May 11th, 1898.

"The undersigned hereby authorizes S. Amsterdam, insurance broker, to procure an insurance for him of $8,500.00, at 2.40 rate, as follows: Three years, on household furniture, as per printed form adopted and used by the company, on store, furniture, fixtures, tools, and implements in the brick building; * * * all while contained in the brick building occupied as shop, situate No. 9 Bayard street.      Denis Rubin, Applicant.

"B. Rubin."

The witness Amsterdam swears that "B. Rubin," the name of defendant, was written by defendant's husband, Denis Rubin. This statement is denied by the husband, who, however, admits having signed his own name, Denis Rubin. It is admitted that No. 9 Bayard street belonged to defendant, who kept a grocery store there. The plaintiff procured the policies from three different companies. The plaintiff and Amsterdam testify that the defendant told the plaintiff's broker that she wanted some insurance, and that her husband was her agent to attend to the matter; that the husband also represented himself as the agent of his wife, and that, as such, he contracted for the insurance with the said agent of plaintiff; that the insurance policies were procured and delivered to defendant's husband, and that they never have been canceled or surrendered by the defendant, but are still in full force and effect; that plaintiff has paid out of his own pocket, on June 8, 1898, the sum of $204, as premiums due on said insurance, and has never been repaid. The defendant and her husband, on the other hand, deny any authority or agency on the part of the husband to act for his wife, and they swear that the policies were returned, or offered to be returned, for cancellation. The wife admits that some time before this time her husband acted as her agent; and the husband says he sometimes acted as his wife's agent, and signed her name, at his own risk. His testimony on the subject appears to be somewhat contradictory and hazy.

At the close of plaintiff's case, defendant made a motion to dismiss the complaint on the grounds: "(1) That plaintiff has not proven that Denis Rubin had any authority to sign Mrs. Rubin's name; (2) that plaintiff has failed to make out his case by sufficient evidence." This motion was denied, and an exception taken. At the end of the entire case, defendant renewed the motion to dismiss on the grounds: "(1) That the contract does not show that there was any relationship of agency between Denis Rubin and B. Rubin; (2) that the evidence ad-

duced upon the trial is not sufficient to show that relationship; (3) that the evidence is insufficient to sustain the complaint." The motion was again denied, and an exception taken. Upon the conflict of evidence presented, the justice found in favor of the plaintiff, and gave judgment accordingly. From that judgment defendant appeals to this court.

Upon the appeal the defendant urges that, if this action is for the premiums, it should have been brought by the insurance companies, as there does not appear to have been any assignment of the claim or claims to plaintiff; and that if, on the other hand, the action is for the money paid out by plaintiff personally on these premiums, this payment was a voluntary one, and, furthermore, it had not been made at the time of the commencement of the action. On either theory, therefore, defendant claims that plaintiff is not entitled to recover.

It appears, in fact, that the summons was issued on May 24th, and made returnable May 31st; that the payment by plaintiff was made on June 8th; and that the trial took place on June 15th. There is no evidence that defendant ever requested plaintiff to make this payment, and the presumption is that no such request was made, inasmuch as the payment was not made until after the commencement of the action. The plaintiff was, apparently, the agent for the insurance companies, and the policies of insurance were contracts between plaintiff's principals and defendant. There does not appear to have been any employment by defendant of plaintiff. It would appear, therefore, that the party in interest was not the plaintiff, if the action is based on the theory of a breach of contract on the part of defendant in not paying the premiums. The premiums, however, were paid by the plaintiff; but this payment was, apparently, quite voluntary on his part. The evidence fails to disclose any obligation on his part to pay the money, or any request from defendant, or from her husband, assuming him to be her agent, so to pay the same. The defendant seems to have sought to repudiate the policies of insurance, and if, knowing that fact, and after commencing an action to compel defendant to pay the premiums to the companies, plaintiff voluntarily paid them himself, he cannot recover from defendant the money so paid out by him.

We are of opinion that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.