DE GROOT v. CLARK et al.

(Supreme Court, Appellate Division, Second Department.   April 24, 1900.)

FIRE INSURANCE—EARNED PREMIUMS—PARTIES.

    The agent of a fire insurance company, who insured certain property, and afterwards canceled the policies because the owner refused to pay the premiums, could not maintain an action for the premiums earned while the policies were in force, when such claim was not assigned to him by the company, as he was not the real party in interest.

Appeal from municipal court.

Action by John A. De Groot against Peter Clark and others to recover premiums on a fire policy.   From a judgment in favor of the plaintiff, the defendants appeal.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry F. Cochrane, for appellants.
John S. Griffith, for respondent.

WOODWARD, J.   This case, except that the equities are less pronounced in favor of the plaintiff, is so entirely like that of Ross v. Rubin, 25 Misc. Rep. 479, 54 N. Y. Supp. 1036, that, in the absence of controlling authorities, we are constrained to follow that decision. The evidence shows that the plaintiff had been in the habit of insuring the defendants' property against loss by fire for a series of years, and, to make sure that the policies should not lapse, he issued them some weeks in advance of the time that the policies in force would expire.   In August, 1899, following his custom, the plaintiff sent the defendants certain policies of insurance, which were to come into force in the early part of September, accompanying the same with a bill of the premiums, which were somewhat advanced over those of previous years.   Defendant Clark visited the plaintiff at his office, and declined to accept the policies at the advanced rate, but did not return them to the plaintiff.   Subsequently, and in November, plaintiff sent the defendants a cancellation notice, and then the policies were returned.   This action is brought for the purpose of recovering the amount of the premiums earned upon these policies during the time they were in the possession of the defendants, and presumptively in force.   "The plaintiff was, apparently," say the court in Ross v. Rubin, supra, "the agent for the insurance companies, and the policies of insurance were contracts between plaintiff's principals and defendant.   There does not appear to have been any employment by defendant of plaintiff.   It would appear, therefore, that the party in interest was not the plaintiff, if the action is based on the theory of a breach of contract on the part of the defendant in not paying the premiums."

This describes the case at bar, and, there being no evidence that the plaintiff had an assignment of the claim sued upon, the conclusion is reached that the judgment appealed from should be reversed, and a new trial ordered, costs to abide the event.   All concur, except JENKS, J., who took no part.