■ MORTON G. CASE, Respondent, v FILMTRUCKS, INC., et al., Appellants.—In an action to recover unpaid premiums due on certain insurance policies, the defendant insureds appeal from (1) a judgment of the Supreme Court, Nassau County (Widlitz,

J.), dated August 31, 1984, which, after a nonjury trial, awarded the plaintiff broker the principal sum of $23,679.27 and (2) an order of the same court, dated May 14, 1985, which denied the defendants' motion to vacate the judgment dated August 31, 1984 pursuant to CPLR 5015 (a) (3) on the grounds of fraud and misrepresentation.

Judgment reversed, on the law, without costs or disbursements, and complaint dismissed.

Appeal from the order dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment.

The plaintiff is a licensed insurance broker who was an officer "[i]n name" of Martin Brokerage Corporation (hereafter Martin), and was paid on a commission basis by the latter. Martin was the authorized agent of the insurers who issued the policies in question and the plaintiff represented Martin in the sale and issuance of these policies to the defendant insureds. The plaintiff commenced the instant lawsuit to recover from the defendants due and unpaid premiums on these policies in the amount of $23,679.27.

Although no particular legal theory was pleaded in the complaint, the plaintiff testified at his examination before trial that his complaint against the defendants stemmed from a provision in his termination agreement with Martin. That agreement provided that upon termination, Martin would deduct any premiums owed from the plaintiff's commission account, and that Martin would assign to the plaintiff its claims against the insureds for those premiums. Specifically, the termination agreement between the plaintiff and Martin provided:

"The Sub Broker agrees to assume any and all obligations of paying premiums when the identified accounts are surrendered to Sub Brokers on the Termination Date.* Sub Broker is responsible for all Earned Premiums on his identified accounts".

"*It is mutually agreed in the event that any deduction is made from Sub Broker's account for Earned Premiums or Advances, the Service Companies agrees [sic] to assign the right to collect to Sub Brokers".

During the plaintiff's examination before trial, both he and his counsel amplified the legal theory upon which the complaint was based, i.e., that the due but unpaid premiums had been deducted by Martin from the plaintiff's commission account, and that Martin had in turn paid the premises owed

by the insureds to the respective insurance companies. Specifically, the plaintiff and his counsel stated at the examination before trial as follows:

"[PLAINTIFF] In fact, *as far as I am concerned, Martin has made all the numbers good to the [insurance] companies* * * *

"[PLAINTIFF'S COUNSEL] *It is our claim that there is nothing due to the companies as a result of [plaintiff's]* and Martin's dealings with the defendants in this action" (emphasis supplied).

Although the plaintiff testified at trial that his commission account had been reduced by Martin in the amount of the unpaid premiums, he failed to produce any proof that the insurance companies had in fact thereafter received those premiums from Martin.

Nevertheless, at the conclusion of the nonjury trial, the trial court awarded the plaintiff the principal sum demanded in the complaint against the defendants, on the ground of "unjust enrichment".

Thereafter, the defendants moved, pursuant to CPLR 5015 (a) (3), to vacate the judgment on the grounds of fraud and misrepresentation. In support of the motion, the defendants submitted documentary evidence affirmatively indicating that American Federal Group Ltd., one of the subject insurers, had not in fact received a premium in the amount of $1,768.43, which was one of the component items in the complaint and which had been allegedly deducted from the plaintiff's commission account. The defendants' motion to vacate the judgment in favor of the plaintiff was denied by the trial court.

It is well settled that, in the absence of a specific assignment by the insurer to the agent, "[t]he general rule is that an insurance agent cannot maintain, in his own name, an action for unpaid premiums, unless he has paid the premiums to the insurer, or where he has not paid the premium, has become personally liable to the insurer for the premium. Only where the insurance agent has made a showing of payment, or of personal obligation for payment, of premiums to the insurer, may he sue in his own name" *(Insurance Premium— Action by Agent,* Ann., 90 ALR2d 1291, 1293; 44 CJS, Insurance, § 358; *De Groot v Clark,* 51 App Div 606; *Lounsbury v Duckrow,* 22 Misc 434; *Baumgartner v Burt,* 148 Col 64, 365 P2d 681; *Weisman Ins. Agency v Bass,* 14 La App 207, 127 So 635; *Stevens v Hunt,* 61 Ga App 265, 6 SE2d 591; *Goldwasser v Boonshaft,* 209 Mo App 115, 237 SW 825; *Earnest & Co. v Word,* 137 Tex 16, 152 SW2d 325, *revg* 129 SW2d 833 [Tex Civ

App]; *cf. Grace v Rahlfs,* 508 SW2d 158 [Tex Civ App]). The legal theory which underpins this general rule is one of subrogation, or "implied assignments of rights" (Ann., 90 ALR2d 1291, 1293).

In the case at bar, the plaintiff failed to adduce any evidence that the insurers received the premiums which were owed by the insureds, and which were in effect paid by the plaintiff to Martin, and therefore failed to sustain his burden on that issue. Parenthetically, we note that the defendants' motion papers to vacate the judgment in favor of the plaintiff and against them affirmatively indicated to the contrary. In the absence of this proof or of any indication that the plaintiff had become personally liable to the insurers, the complaint cannot stand.

Nor can the plaintiff prevail on a theory of an express assignment from the insurers of the latter's right to maintain an action against the insureds to recover unpaid premiums. Although Martin expressly assigned such a right to the plaintiff, Martin could only assign a right that it legally possessed *(see, Matter of International Ribbon Mills [Arjan Ribbons],* 36 NY2d 121, 125). However, the record is barren of any proof that the respective insurers assigned their rights to sue the insureds to Martin. Therefore, the plaintiff cannot prevail on a theory of express assignment.

Accordingly, the judgment in favor of the plaintiff and against the defendants must be reversed and the complaint dismissed. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.