SURALEB, INC., Respondent, v INTERNATIONAL TRADE CLUB, INC., et al., Appellants. [788 NYS2d 403]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated July 7, 2003, which granted the plaintiff's motion for summary judgment and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the plaintiff possessed the rights of Belmedpreparaty JSC (hereinafter Belmed), a Belarusian corporation, with which the defendant Roman Gershon, as president of the defendant International Trade Club, Inc. (hereinafter ITC), entered into a contract for the sale and purchase of pharmaceutical products that is in issue here. "No special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it" (*Tawil v Finkelstein Bruckman Wohl Most & Rothman*, 223 AD2d 52, 55 [1996]). The transfer of those rights implicit in the "Contract for Collection" between Belmed and the plaintiff is sufficient to establish the assignment (*see Case v Filmtrucks, Inc.*, 118 AD2d 749 [1986]). Further, contrary to the defendants' contention, the assignment of the claim does not constitute champerty (*see* Judiciary Law § 490).

The plaintiff met its burden on this summary judgment motion of demonstrating its prima facie entitlement to judgment as a matter of law and the absence of any material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The plaintiff submitted documentary evidence sufficient to establish that a contract had been entered into between Belmed and the defendants, that the goods which were the subject of the contract were delivered

by Belmed to the defendants and that no payment was tendered. In response, the defendants' argument that the plaintiff breached the contract by delivering non-conforming goods did not meet their burden of demonstrating the existence of a triable issue of fact (*see Alvarez v Prospect Hosp., supra* at 324; *Zuckerman v City of New York, supra,* at 562) because it is undisputed that the defendants failed to notify Belmed of the nonconformity within a reasonable time after discovering it and are therefore precluded from seeking any remedy (*see* UCC 2-607 [3] [a]). Further, Gershon's personal liability was established by the undisputed fact that ITC had been dissolved more than six months prior to the date on which he purportedly entered into the contract on its behalf.

The defendants' remaining contentions, raised for the first time on appeal, are not properly before this Court. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.