OPINION OF THE COURT
Donald Scott Kurtz, J.
Defendants move for an order restoring this action to the trial calendar; adding the workers’ compensation insurance carrier, Travelers Indemnity Company of America as a defendant; extinguishing Travelers’ recovery lien; and requiring Travelers to contribute additional funds to the settlement, also known as “fresh money,” in the approximate amount of $800,000.
Plaintiff commenced this action against defendants by filing the summons and complaint on June 24, 2002. Plaintiff alleged that, on November 16, 2000, while in the course of his employment by Sorbara Construction Company, he fell through a hole in the temporary flooring of a building owned by defendant Whitehall Properties, LLC. Defendant Kreisler Borg Florman General Construction Company Inc. (hereinafter KBF) was the general contractor. After discovery was complete, the court granted summary judgment in favor of the plaintiff on liability. Thereafter, settlement negotiations ensued and, on September 27, 2006, this action was settled for the total sum of $4 million. Two million dollars was to be paid by Travelers as the primary liability insurance carrier and $2 million was to be paid by Westchester Fire Insurance Company as the excess insurance carrier. In addition to being the primary liability insurance carrier, *345 Travelers was also the workers’ compensation insurance carrier and it asserted a lien against the settlement funds in the amount of $71,500. Thereafter, a “Release And Settlement Agreement” (hereinafter the release) was executed, plaintiff paid the lien amount and the remaining monies were distributed.
Whitehall, KBF, Sorbara and all other contractors and subcontractors performing work at Whitehall’s building were required to participate in the Owner Controlled Insurance Program, also known as the “wrap up” insurance program. All participants in the program were to be insured under the same workers’ compensation, employers’ liability and commercial general liability insurance policies. The insurance policies were paid for by Whitehall but they were to protect all the participants as coinsured parties. Whitehall purchased both the workers’ compensation and employee liability policies from Travelers.
Defendants argue that Travelers had no right to assert a lien under Workers’ Compensation Law § 29 because the antisubrogation rule prohibits an insurer from asserting claims of subrogation against its own insured for a claim arising from the very risk for which the insured was covered.
Subrogation is an equitable doctrine which “allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse.” (Kaf-Kaf, Inc. v Rodless Decorations, 90 NY2d 654, 660 [1997].) However, an insurer has no right of subrogation against its own insured “for a claim arising from the very risk for which the insured was covered.” (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 468 [1986].) To allow the insurer’s subrogation right to extend beyond a third party and to reach its own insured would permit an insurer, in effect, “to pass the incidence of the loss . . . from itself to its own insured and thus avoid the coverage which its insured purchased.” (Id. at 471.) The rule against allowing a subrogation claim against an insured is based, in part, on the “potential for conflict of interest that is inherent in these situations.” (Id. at 472.) The antisubrogation rule does not apply where there are two distinct and separate policies which cover different risks. (See North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281 [1993].)
Subdivision (1) of section 29 of the Workers’ Compensation Law entitled “Remedies of employees; subrogation,” states in pertinent part:
*346 “If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, need not elect whether to take compensation and medical benefits under this chapter or to pursue his remedy against such other but may take such compensation and medical benefits and at any time either prior thereto or within six months after the awarding of compensation or within nine months after the enactment of a law or laws creating, establishing or affording a new or additional remedy or remedies, pursue his remedy against such other subject to the provisions of this chapter. If such injured employee, or in case of death, his dependents, take or intend to take compensation, and medical benefits in the case of an employee, under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation or not later than nine months after the enactment of such law or laws creating, establishing or affording a new or additional remedy or remedies and in any event before the expiration of one year from the date such action accrues. In such case, . . . the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier. Should the employee or his dependents secure a recovery from such other, whether by judgment, settlement or otherwise, such employee or dependents may apply on notice to such lienor to the court in which the third party action was instituted, or to a court of competent jurisdiction if no action was instituted, for an order apportioning the reasonable and necessary expenditures, including attorneys’ *347 fees, incurred in effecting such recovery. Such expenditures shall be equitably apportioned by the court between the employee or his dependents and the lienor.” (Emphasis added.)
The workers’ compensation lien is created by operation of Workers’ Compensation Law § 29 upon plaintiffs decision to collect workers’ compensation benefits and to pursue his common-law remedies against the third-party tortfeasor by commencement of a lawsuit. Thus, Travelers’ rights and duties with respect to its lien were created by statute and stem from the third-party settlement and not from the insurance contract. The contractual relationship between defendants in the underlying action and the plaintiffs employer, Sorbara, is irrelevant with respect to Travelers’ rights as the workers’ compensation provider to assert its statutory lien against the net proceeds of plaintiffs recovery. Moreover, Travelers issued two policies, one providing general liability coverage and the second providing workers’ compensation coverage. The policies covered two separate risks, even though they were issued by the same insurance carrier. Therefore, there is no potential conflict of interest and the antisubrogation rule does not apply. (See Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra; North Star Reins. Corp. v Continental Ins. Co., supra.)
Defendants also contend that Travelers should be compelled to contribute “fresh money” to the settlement because the equitable costs incurred in gaining a $4 million settlement of plaintiffs claim against the defendants resulted in a financial benefit to Travelers by extinguishing its obligation to pay plaintiffs future workers’ compensation benefits for lost wages and medical expenses. Defendants reference plaintiffs litigation costs and maintain that defendants are entitled to “fresh money.”
At oral argument, defendants maintain that they have standing to seek “fresh money” from Travelers because plaintiff executed the release assigning his rights to defendants under Workers’ Compensation Law § 29. Defendants submit the release which states,
“[T]he parties maintain rights to make application for extinguishment and equitable apportionment of attorneys’ expenses as against said ‘lien.’ The parties also maintain their rights to make application to apply for ‘fresh money’ that may be due as a result of the cessation of the payment of future *348 benefits by St. Paul Insurance Company (Travelers).”
Workers’ Compensation Law § 29 confers rights upon the plaintiff employee to apply to the court for an order apportioning the reasonable and necessary expenditures incurred in effecting a recovery in his personal injury action. However, plaintiffs attorney’s fees and disbursements were distributed from plaintiffs settlement proceeds. Therefore, the right to apply to the court for “fresh money” belongs to the plaintiff, not the defendants. In order for the defendants to have standing to apply to this court for the same relief that is statutorily conferred upon plaintiff, there must be an assignment of rights by plaintiff to the defendants. Although no special form or language is necessary to effect an assignment, the language of the assignment must show the intent of the owner of a right to transfer it. (See Leon v Martinez, 84 NY2d 83, 88 [1994]; Suraleb, Inc. v International Trade Club, Inc., 13 AD3d 612 [2d Dept 2004].) Upon review of the release, the court finds that it is absent language that would evidence plaintiffs alleged intent to assign his right to apply to the court for an apportioning of expenditures. Pursuant to the release, all parties to the personal injury action maintained their respective rights and defendants never had the right to seek this relief. Therefore, defendants continue to lack standing to seek this relief.
In view of the foregoing, defendants’ motion is denied in its entirety.