In the Matter of the Estate of SHELDON JOHNSON, Deceased. CHARMAINE BLAIR, Appellant; ALTERNATE STAFFING, INC., Respondent. [892 NYS2d 490]—

In July 2001 Sheldon Johnson, an infant, was injured in an automobile accident. From that month until December 2001, the respondent Alternate Staffing, Inc. (hereinafter ASI), rendered health care services to him. On Sheldon's behalf, his mother, the petitioner herein, in connection with her retention of ASI, signed a form authorizing the relevant no-fault carrier to make payments for covered services directly to ASI. She fur-

ther authorized ASI to file a claim on her behalf to recover for any unpaid charges in the event she was "unable or fail[ed]" to file an application for no-fault benefits. The petitioner also agreed that "any unpaid charges are entirely payable by me."

The petitioner commenced an action on her son's behalf to recover damages for the personal injuries he suffered in the 2001 accident (hereinafter the 2001 action).

Following Sheldon's death in 2004 as a result of a subsequent accident, Sheldon's mother, the administratrix of the estate, petitioned, in 2005, for leave to compromise and settle the 2001 action for the sum of $25,000. In March 2006 the petitioner moved to disqualify ASI from making any claim against the settlement proceeds for money allegedly due to it for services rendered to Sheldon. The petitioner contended that ASI's sole remedy was to pursue the no-fault carrier. ASI objected, asserting, among other things, that it had unsuccessfully presented its claim to the no-fault carrier. It further claimed that it was owed the sum of $9,212.60 for the services it rendered to Sheldon in 2001. In a decision dated February 7, 2007, the Surrogate's Court, inter alia, "directed" ASI to pursue no-fault arbitration. ASI did not pursue arbitration, and in the order appealed from, the Surrogate's Court granted its motion to direct the release to it of $9,212.60 of the settlement proceeds held in escrow to the extent of directing the release to it of the sum of $6,000. We affirm.

Contrary to the petitioner's contention, she did not execute an assignment of her right to recover no-fault benefits to ASI, but merely authorized ASI to pursue those benefits on her behalf in the event she was "unable or fail[ed]" to do so. She further agreed that she would be responsible for any unpaid charges. Under the circumstances, the petitioner did not demonstrate an intent to transfer her rights, which would be necessary to effect an assignment (see Suraleb, Inc. v International Trade Club, Inc., 13 AD3d 612, 612 [2004]; Lopes v Liberty Mut. Ins. Co., 24 Misc 3d 127[A], 2009 NY Slip Op 51279[U], *3 [2009]). ASI was not legally required to seek reimbursement from the no-fault insurer, and it retained the right to bill the petitioner directly (see Ops Gen Counsel NY Ins Dept No. 03-02-18 [Feb. 2003]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.